CATHERINE BENDER, Appellant, v. PHILIPP PAULUS and WILHELMINE PAULUS, His Wife, Respondents.

Second Department, March 1, 1907.

Will — when executors have power to sell although portion of devise invalid — heir takes subject to power of sale — equitable reconversion.

Although a power of sale given to executors fails when the entire devise is invalid for lack of capacity of the beneficiaries to take, yet, when a portion of the devise is valid, the power of sale may be exercised in so far as it concerns the valid devise.

A person who takes as heir owing to the invalidity of a devise holds the property subject to any burdens necessary to the carrying out of the valid provisions of the will.

When, in order to execute that part of the devise which is valid, a sale of the whole property is necessary, the executors have authority to sell, and the heir who inherits by reason of the invalidity of a portion of the devise is entitled only to a proportion of the proceeds of the sale, which is impressed with its original character of real estate.

APPEAL by the plaintiff, Catherine Bender, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of Queens on the 11th day of August, 1905, upon the decision of the court, rendered after a trial at the Queens County Special Term, dismissing the complaint upon the merits.

*Jacob F. Miller, Max Meyer* and *W. G. Phlippeau,* for the appellant.

*John E. Van Nostrand* and *E. V. B. Getty,* for the respondents.

Judgment affirmed, with costs, on. the opinion of Mr. Justice WILMOT M. SMITH.

WOODWARD, JENKS, HOOKER, RICH and MILLER, JJ., concurred.

The following is the opinion of Mr. Justice WILMOT M. SMITH :

SMITH, J. :

If the entire devise of the premises in question was invalid because of the lack of capacity of all the beneficiaries for whose benefit the

devise was made to take the same, there can be no question that the trust estate and power of sale given the executors would also fail, because the object for which these provisions of the will were made had failed. (*Jones* v. *Kelly*, 170 N. Y. 401.)

In the case under consideration a devise of a portion of the premises was valid, so that the trust estate and power of sale attempted to be created by the will, so far as they concerned the portion of the premises so devised, were valid.

A person who takes as heir at law premises which descended to him as intestate property by reason of the failure of the testator to make a valid disposition thereof by his will, takes such property subject to any burden imposed thereon by the necessity of carrying out to the best advantage the valid provisions of the will. (*Downing* v. *Marshall*, 4 Abb. Ct. App. Dec. 662.)

In *Jones* v. *Kelly* (*supra*) Chief Judge PARKER recognizes this principle in his opinion (at p. 409), where he says, "the real estate may be so situated as to require a sale of all of it in order to execute the valid portions of the will, and thus it will be turned into money in fact, but for the purposes of disposition under the statute as intestate property it will retain its character as real estate."

I must assume in this case, in the absence of evidence to the contrary, that the land in question was so situated as to require a sale of all of it in order to enable the executors to execute the valid devises of a portion of it to the best advantage of the devisees.

I, therefore, decide that the executors had authority to sell the whole premises in order to carry out the valid devises of a portion thereof, and that the plaintiff took the premises subject to the burden that such power of sale might be properly exercised, and that she is entitled only to her share of the proceeds of the sale, taking the same with its character as real estate unchanged by its conversion into money.

It follows that the complaint should be dismissed upon the merits, with costs.