SARAH J. McCARTY, Respondent, *v.* SETH H. TERRY et al. and ROBERT DINNING, Appellants.

(GENERAL TERM, THIRD DEPARTMENT, SEPTEMBER, 1872.)

The only purposes to which a power of sale, to the executor, contained in a will could be applicable, being the payment of debts and legacies and to carry into effect a devise to him of the real estate in trust, the doctrine of equitable conversion of the real into personal is not applicable where the personal estate is sufficient for the payment of the debts, &c., and the devise has been declared invalid. The rule *cessante ratione legis cessat ipsa lex* applies in such case.

*It seems* there would be no equitable conversion in such case, even if the executor were *directed* to sell the real estate.

The act of November 26, 1827, authorizing certain resident aliens to take and hold real estate, conferred, *it seems*, upon their heirs the right to inherit, notwithstanding their own alienage.

But that rule does not apply to a case where the ancestor afterward became a naturalized citizen. After his naturalization he held his property, not under the act, but under the same law as every other citizen, and alien heirs could not, therefore, inherit from him, unless he had complied with the provisions of 1 R. S., 719, 720.

The place of birth cannot be proved by hearsay, *e. g.*, by declarations of parents, although, it seems, pedigree may be.

McCarty *v.* Terry.

APPEAL from a judgment entered upon a decision at Special Term.

The facts are fully stated in the opinion of PARKER, J.

*E. Cowen,* for plaintiff.

*James Gibson,* for defendants.

Present—MILLER, P. J., POTTER and PARKER, JJ.

By the Court—PARKER, J.   This action is brought to recover possession of a certain farm in the town of Argyle, in the county of Washington, of which Thomas Murray died seized.

Thomas Murray was a native of Ireland, and came to this country prior to 1825.  In January, 1825, he purchased and took a conveyance of the farm in question, and continued to hold and occupy it, residing in the town of Argyle from that time until his death, which occurred November 16, 1869.

He left no widow or child surviving him.  It was conceded that all his relatives are aliens, except the plaintiff, his sister, and Washington Murray, his nephew.   The plaintiff was born in Ireland, but became a citizen by marriage with a native of the United States, by virtue of the law of congress, approved February 10, 1855.   The question of Washington Murray's citizenship is disputed.

Thomas Murray was authorized to hold real estate by an act passed November 26, 1827, and was naturalized and became a citizen of the United States December 8, 1836.

The defendant, Dinning, is in possession of the premises, claiming under a deed from Washington Murray.   The defendants, Terry, Clapp and Hitchcock, claim some interest in the premises, as trustees, under the will of Thomas Murray.   This will, after bequeathing certain legacies, gave the residue of the testator's property to said Terry, Clapp and Hitchcock, upon certain trusts which have been adjudged void by this court; and as to such residuary property, which

McCarty *v.* Terry.

includes the farm in question, the said Thomas Murray died intestate.

The will also contains the following clause: "Lastly, I do hereby appoint Seth H. Terry, &c., executors of this my last will and testament, with full power to sell all my estate, and convey the same." The personal property is sufficient to pay all debts and legacies, and no sale has been made of any of the real estate under the power in the will.

The cause was tried before a justice of this court without a jury, and a decision made and judgment given in favor of the plaintiff for the recovery of the premises claimed.

The appellants claim that, by virtue of the power of sale to the executors, there is an equitable conversion of the real estate to personal, which is to be distributed to the next of kin of Thomas Murray, both aliens and citizens. I think the court below held correctly in deciding that there was no equitable conversion of the farm into personal property.

There was personal property sufficient to pay the debts and legacies. The residuary devise, for which alone the sale authorized was necessary, has been declared void; and even if the executors had been *directed* to sell and distribute the proceeds to the charitable uses indicated in the clauses of the will pronounced invalid, as the object of the power has failed, the effect of such direction upon the character of the fund must also fail. The heir is not divested by the void devise, and the reason for the conversion does not arise, and the maxim, *cessante ratione legis, cessat ipsa lex*, applies. (*Jackson* v. *Jansen*, 6 John., 73; *Sharpsteen* v. *Tillou*, 3 Cow., 651; *Hawley* v. *James*, 7 Paige R., 213; *Wood* v. *Keyes*, 8 id., 365; *Bogert* v. *Hertell*, 4 Hill, 492; *Wright* v. *Trustees, &c.*, 1 Hoffm., 202; *White* v. *Howard*, 46 N. Y., 144.)

There is, then, in the power given to the executors to sell, no obstacle in the way of the plaintiff's recovery.

In regard to the citizenship of Washington Murray, I am also inclined to think the court below was right in holding him, under the proof, an alien. There is no evidence of his ever having resided in Argyle, where it is alleged he was

born, nor in any part of the United States. He has no recollection of ever having done so. The declarations of his parents to him, or to others, that he was born in Argyle is but hearsay, and not, within the rule, admissible. " Although a pedigree may be proved by hearsay, the *place of birth* cannot." (*Jackson* v. *Etz*, 5 Cow., 320 ; *Rex* v. *Inhabitants of Erith*, 8 East, 539 ; 1 Phil. Ev., with C. & H.'s notes, Edwards' ed., 252, 253 ; *Mima Queen* v. *Hepburn*, 7 Cranch, 291 ; *Braintree* v. *Hingham*, 1 Pick., 245 ; *Wilmington* v. *Burlington*, 4 Pick., 174.)

It is insisted by the defendant's counsel that, under the act of 1827, authorizing Thomas Murray to hold real estate, his alien heirs can take equally with the plaintiff, who is a citizen. " This act," say the counsel, " enabled the testator not only to hold the lands but to transmit them, by descent, to his alien heirs ; and this right is not affected by his subsequent naturalization."

The portion of the act bearing upon this question is as follows : " And that the title to any lands, tenements or hereditaments, heretofore purchased or acquired by any of the above named persons, shall not be impeached or defeated by reason of his, her or their alienage ; but the same is hereby vested in each and every of the said persons, his, her or their heirs or assigns, in like manner as if he, she or they had been citizens of this State. *  *  *  And provided, also, that, in case either of the persons named in this act shall, after the expiration of six years from the passing of this act, be alive, and not naturalized according to the laws of the United States, or shall not then be a resident, all the lands which such persons may then hold by virtue of this act shall be vested in the people of this State, in the same manner as if this act had not been passed."

I am inclined to think that, while Thomas Murray was holding under the authority given him by this act, his estate would, upon his death, have descended to his alien heirs equally with those who were citizens. (*Goodell* v. *Jackson*, 20 John. R., 707–709 ; *Jackson* v. *Adams*, 7 Wend., 367 ·

*Duke of Cumberland* v. *Graves*, 3 Seld., 305.) And whether the court was right in holding that the defendant's case is not aided by the statute, because Thomas Murray failed to become naturalized within the six years specified in the act, notwithstanding his continued residence, it is not necessary to determine; for, after he did become naturalized, as the court correctly held, he no longer held under the act, but under the law by which every citizen held; and the alien heirs of a citizen cannot, except upon compliance with certain statutory conditions, inherit his lands lying in this State. (1 R. S., 719, § 8, and 720, § 17, 1st ed.; *Larreau* v. *Davignon*, 5 Abb. [N. S.], 367; *Duke of Cumberland* v. *Graves*, 3 Seld., 311.)

As to the defendants Terry and others, trustees, the decision made by this court in *Terry* v. *McCarty*, holding the devise under which they claim invalid, is an answer to their claim of an interest in the premises.

The judgment, that the plaintiff is entitled to recover the premises, is right and should be affirmed, with costs.

MILLER, P. J., and POTTER, J., concur.

Judgment affirmed.