# SUPREME COURT.

HARRIETTE F. GIRAUD agt. EUGENIE GIRAUD and others.

*Will — invalid devises and bequests— Statute of limitations — Acquiescence — Estoppel — Accounting — Equitable conversion — when it fails.*

Where a testator gave to his executors all his estate, real and personal, to hold the real estate during the joint lives of his *two* sisters, A. and E., and the life of the survivor, in trust, to receive the rents and profits of the *estate*, to sell the *personal* estate whenever they might deem it wise, and reinvest the proceeds as they might consider safe, and to pay four-fifths of the income of the *estate*, as the same should be received, unto the mothers and *three* sisters of the deceased, and the remaining four-fifths unto the testator's wife, and upon the further trust during the joint lives of the *two* sisters named, and the life of the survivor, to sell and dispose of the *real estate* and to receive and invest the proceeds, and that in case H., a sister of the testator, should marry and have children to pay one-fifth part of the *estate*, upon her death, to her children, and upon the further trust, upon the death of the mother and *three* sisters of the testator, to pay and transfer the other four-fifths, and the residue and remainder thereof unto the wife of the testator, and in case of her death to such person or persons as she might, by last will and testament, appoint:

*Held,* that the trust over four-fifths of the testator's estate and its proceeds being continued until the death of the mother and *three* sisters of the deceased was invalid, and the testator must be regarded as having died intestate with respect thereto, but that the gift of one-fifth of the estate to the children of the testator's daughter, H., was valid.

An action, commenced more than fourteen years after the will was admitted to probate, for its construction, and for an adjudication of its invalidity, is not barred by the statute of limitations, the *corpus* of the estate still remaining in the hands of the executors and trustees undistributed.

The plaintiff, a beneficiary under the will, was held not to be estopped from maintaining such action for the reason that she had acquiesced in the provisions of the will by receiving her proportion of the income according to its terms.

The omission by a party to assert a right from ignorance of it, does not conclude him. Silence and mere passivity cannot create an estoppel where

the other party had equal knowledge of the facts and conditions in which their respective rights originate.

But, in the case above alluded to, the executors of the estate and the other beneficiaries under the will who had, with the plaintiff, received their proportion of the income, were held not to be liable to account for the same.

Where money has been paid with full knowledge of all the facts and circumstances under which it is demanded, it cannot be recovered back upon the ground that the party paying it rested under a mistake as to his legal rights and obligations.

Where there has been an equitable conversion of real estate into personalty for the purposes of a will, and the purpose is invalid as a whole or in part, the conversion fails "*pro tanto.*"

*Special Term, December,* 1879.

By his last will and testament, made the 5th day of January, 1865, the testator, Ernest Giraud, after the payment of his debts, gave and devised unto his executors all his estate, real and personal, to have and to hold the real estate unto them and their successors during the joint lives of Adele and Eugenie, two sisters of the deceased, and the life of the survivor, in trust, however, to receive the rents, issues and profits of the estate, and to take charge of and manage the same to the best advantage, and pay all the taxes and charges thereon, to sell the personal estate, whenever they might deem it wise and prudent, and reinvest the proceeds in such other securities as they might consider good and safe, and to pay four-fifths of the net income of the estate, from time to time as the same should be received, unto Elizabeth Giraud, the mother of the testator, and his sisters Eugenie, Adele and Helene, the survivors and survivor of them, and the remaining one-fifth unto the testator's wife, the plaintiff in this action. And upon the further trust, during the joint lives of the testator's sisters Adele and Eugenie, and the life of the survivor, to sell and dispose of the real estate, and receive the proceeds, and reinvest the same in such securities as they might consider good; and upon the further trust, in case the testator's sister Helene should marry, and have issue, to pay

and transfer one-fifth part of the estate upon her death to her children, their heirs and assigns forever, share and share alike; and upon the further trust, upon the death of the mother and sisters of the testator, to pay and transfer all the estate, except what was given to the children of his sister Helene, and all the rest, residue and remainder thereof unto his wife, her heirs and assigns forever, and in case of her death, to pay and transfer the same to such person or persons as she might by her last will and testament, duly executed, nominate and appoint, and in default of any such will, to pay and transfer the same unto her heirs or next of kin, according to the laws of New York regulating descents and disposition of the estates of intestates.

The testator nominated and appointed his wife Harriette, Henry I. Barby, and Theodore Gentil, executrix and executors of his will.

The testator left him surviving his widow, mother and the three sisters named in the will; the mother has since died.

On the 25th day of May, 1865, the will was duly admitted to probate by the surrogate of the county of New York, and letters testamentary were thereupon issued to Theodore Gentil, one of the persons named as executor in the will, who took possession of all the estate, real and personal, and has continued in the possession and control thereof ever since, and in pursuance of the powers contained in the will the real estate has been sold and the proceeds thereof have been received and invested as required by the will.

Out of the rents and issues the taxes and charges have been paid by the executor and the balance thereof has been paid to the several beneficiaries named in the will, according to their proportion, as is therein directed, with the knowledge of all the parties in interest. The plaintiff brought this action in the year 1879, and claims and demands that it be adjudged that the will is void, and demands an accounting from the executors.

*Charles N. Morse,* of counsel, for plaintiff.

*F. H. Churchill,* of counsel, for sisters of the testator.

*C. Edwards Tracy,* of counsel, for executors.

VAN VORST, *J.* — As announced in the will, in the beginning thereof, the estate in the executors, to whom the property, real and personal, was devised and bequeathed in trust, was, as to the real estate, apparently limited to continue in them during the joint lives of Adele and Eugenie, two sisters of the testator, and the life of the survivor. Such limitation does not transgress the statute against suspending the powers of the alienation of property, real or personal, and the same observation applies to the power with which the executors were invested with respect to the sale of the real estate, which was to be exercised during the joint lives of the two sisters named and the life of the survivor.

With respect to the sale and conversion of his real estate the testator had, doubtless, the provisions of the statute in mind and designed to guard against any conflict with its terms.

But afterwards, and in the same connection, the duration of the entire trust is extended, and the estate and dominion of the trustees over four-fifths of the testator's property and its proceeds is continued until the death of the mother and three sisters of the deceased. That is during four lives.

It is only upon the deaths of all three persons that the estate, except the portion bequeathed to the children of the testator's daughter, Helene, is to be liberated from the trust, and is absolutely given to the widow·of the testator, if living, and if dead, to the persons to whom, by her last will and testament, she should have given the same.

The intention of the testator to convert his real into personal property is clearly expressed in the will. This is shown

by his absolute direction to sell and convey the same and to invest the proceeds.

But that it was the intention of the testator to make this conversion, and give to the objects of his bounty personal and not real property, does not avoid the conclusion, that as to at least four-fifths of his estate, the testamentary disposition is invalid (*Brewer* agt. *Brewer*, 11 *Hun*, 147).

The absolute ownership of personal property cannot be suspended by any limitation or condition whatever, for a longer period than during the continuance, and until the determination of not more than two lives in being at the death of the testator (*Rev. Stat., part* 2, *chap.* 4, *title* 4, *secs.* 1, 2).

The provisions, out of his estate, made by the testator, in favor of the children of his sister, Helene, I think, may be sustained, as the gift to them takes effect upon her death, and is not limited upon the lives of the other sisters, and that of the mother of the deceased. This provision may be readily separated from the residue of the trust estate, and may well stand. So soon as the children come into being, they take a vested interest, which becomes consummated upon the death of their mother.

The result to which we are led by this examination is, that the gift to the children of the testator's sister Helene is valid, and this bequest embraces one-fifth of the estate, but as to the remaining four-fifths of his estate, the dispositions thereof attempted to be made by the testator are invalid, and he must be regarded as having died intestate in respect thereof.

But it is urged by the counsel for some of the defendants, that this suit is barred by the statute of limitations. In this connection it is stated that the statute began to run immediately the will was proved, and that the cause of action accrued at that time.

It is quite true that the present action might have been commenced at the time suggested, which is nearly fourteen years ago. But, in truth, no rights have been lost by the defendant, and none gained by the plaintiff by an omission to

bring this action before. The *corpus* of the estate, in its entirety, is still in the hands of the trustees for distribution, and I should hold that the right to ask for an adjudication upon the will, and for a decree as to the rights of the parties thereunder, or of those entitled to the estate yet to be distributed, may well be brought at any time before a division of the estate is actually made in pursuance of the terms of the will.

The statute, in such case, would not begin to run until distribution was actually made; nor do I think that plaintiff is estopped from asserting her claims in this regard, by acquiescence, as is also urged.

The plaintiff has made no representation, and performed no act by which she is concluded from asserting her legal and equitable rights to the principal of the estate.

Granted that she has, for several years, and ever since the death of her husband, believed the will to be good, the other parties, it seems, have rested under the same belief. But the belief of all rested upon the terms of the will, which was equally open to the examination of each. What the rights of the plaintiff and the other parties 'in interest were in the estate of the testator were questions of law and not of fact. And where the facts are undisputed, one who is ignorant of his legal rights, is not estopped by an admission of a conclusion of law (*Brewster* agt. *Striker*, 2 *Coms.*, 19).

Omission by the plaintiff to assert a right from ignorance of it, does not conclude her. Silence and mere passivity, cannot create an estoppel where the other party had equal knowledge of all the facts and conditions in which their respective rights originate.

But although there is no valid objection to the plaintiff's claim to her portion of the *corpus* of the estate, which is still held by the trustees, upon the ground of the invalidity of the will, now first judicially declared, I do not think that her claim that the executors or the *cestuis que trust* named in the will shall account for the portion of the income and profits

Giraud agt. Giraud.

of the estate which has been paid to them, in pursuance of the terms of the will, before the commencement of this suit, upon the belief that they were valid, can be sustained.

It appears that the income, since the testator's death, has been collected and paid to the parties in the proportions, and as the will directs, within the knowledge of all the parties. There has been a general acquiescence on the part of all these persons in the lawfulness and propriety of these payments since the year 1865. All seemed to act, the executors and trustees in paying, and the beneficiaries in receiving, these moneys, upon the basis that the dispositions of the will were valid.

And for the purpose of protecting the trustees and shielding the beneficiaries from claims of the one upon the other, growing out of such payments, the will should be deemed what it was in good faith believed to be.

Under the belief that the will was valid it was clearly the duty of the trustees to collect the income and apply the same in accordance with the directions of the will; and the beneficiaries having acquiesced in such payment for such a period of time, their action in that regard should not, in equity, be made a subject of inquiry, but the same should be left in the condition in which it seems to have been, by common consent, placed by all concerned (*Roosevelt* agt. *Post*, 1 *Edw. Chy.*, 579).

Laches of parties in applying for relief is not favored in equity; and results which have been reached through the consent of parties, and in which they have acquiesced for years, there being no fraud or imposition, are rarely if ever disturbed.

While on the one hand I do not think that the trustees could recover this money from the beneficiaries, so they are not liable to the beneficiaries, or either of them, on account thereof.

When money has been paid with full knowledge of all the facts and circumstances under which it is demanded, it cannot

be recovered back upon the ground that the party paying it labored under a mistake as to his legal rights and obligations (*Clark* agt. *Dutcher*, 9 *Cowen*, 674; *Silliman* agt. *Wing*, 7 *Hill,* 159; *Wait's Actions and Defenses, vol.* 4, 486).

The provisions made by the will in favor of the testator's wife are declared to be in lieu of dower in his real estate, but as the bequests in her favor fail, her dower rights remain unaffected.

It has been already observed that the positive directions to the executors to sell amounted to an equitable conversion of the real estate into personalty, but it is to be borne in mind that such conversion was for the valid objects of the will, and where the object fails, the conversion to that extent also fails.

Where the object of the conversion is illegal, or fails wholly or in part, there is a resulting use or trust in so much of the property as is not legally or effectually disposed of, in favor of the *heirs* or *distributees* who would have been entitled to the same if the conversion thereof had not been directed by the will of the testator (*Hawley* agt. *James*, 5 *Paige*, 318; *Bogart* agt. *Hertell*, 4 *Hill; Betts* agt. *Betts*, 4 *Abb. N. C.,* 419 *and cases there cited*).

Having above decided that, as to four-fifths of the estate, the testator died intestate, such portion of the estate, being undisposed of, must be distributed among the widow and sisters of the deceased, and others entitled thereto, according to law.

The findings and judgment will define the specific interests of each.