WINIFRED F. JONES et al., Respondents, *v.* MARY ANN KELLY et al., Respondents, Impleaded with Others, and EVA K. CONLON, Appellant.

WILL — DEVISE OF ALL OF TESTATOR'S REAL ESTATE TO CHARITABLE INSTITUTIONS WITHOUT PROVISION FOR HIS WIDOW INVALID AS TO ONE-HALF THEREOF — SUCH ONE-HALF PASSES TO TESTATOR'S HEIRS AT LAW. A will devising all of testator's real estate in trust to the executors thereof to sell and convert into cash, to be divided equally between two charitable institutions after the payment of testator's debts and several small legacies, and making no provision for testator's widow, is in contravention of the statute (L. 1860, ch. 360), and such devise is valid only to the extent of one-half part of testator's estate after the payment of his debts and the widow's dower, and the remaining one-half must pass to testator's heirs at law as if no will had been made, since the provision of the will to convert the real estate into personalty is incidental to the devise and for the purpose of carrying it into effect, and the will having failed because in violation of law to dispose of such one-half of the real estate, the attempted conversion thereof also fails.

*Jones* v. *Kelly*, 63 App. Div. 614, affirmed.

(Argued March 3, 1902; decided April 8, 1902.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered August 3, 1901, affirming a judgment of the Special Term construing the will of John P. Conlon, deceased.

John P. Conlon died on the 5th day of April, 1899, leaving him surviving his widow, the defendant Eva K. Conlon, but no parent or descendant, no brother or sister or descendant of brother or sister. He died seized of the real property described in the complaint in this action which had come to him by descent from his father, Samuel Conlon. The plaintiffs, Winifred F. Jones, Bridget McGarrick and Charles Connington, and the defendants, Maria Conor and James Connington, are the children of Bridget Conlon, the sister of said Samuel Conlon, and they are the only heirs at law of said John P. Conlon on his father's side. John P. Conlon left a will, the material portions of which are as follows :

" I give, devise and bequeath all my estate, real, personal or mixed, of which I shall die seized and possessed, or to which I shall be entitled at the time of my decease to my executors hereinafter named, or to the survivor of them to have and to hold the same to them, my said executors, or to the survivor of them in trust however, to and for the following uses and purposes, viz. :

" I. To pay all my just debts and funeral charges as soon after my decease as shall by my said executors be found convenient.   *   *   *

" III. To pay and expend each and every year during the period of five years, the sum of four hundred dollars for the maintenance, support and education at the Institution of the Sisters of Charity, known as Mount St. Vincent, and situate on the Hudson River, near Yonkers, Westchester County, in the State of New York, of Margaret Berry, daughter of Emery Berry (and Mary Ann Berry, deceased) of Lower Marlboro, in the state of Maryland.   *   *   *

" IV. To pay over to my cousin, Ellen Costello, now residing at No. 47 Crosby street, in the City of New York, the

sum of one thousand dollars, which said sum I do hereby give and bequeath to her my said cousin.

"V. To pay over to and divide all the rest, residue and remainder of my estate, between the Home for the Aged of the Little Sisters of the Poor of the City of New York, at No. one hundred and seventy-nine East Seventieth street, in said City, and the Mission of the Immaculate Virgin for the Protection of the Homeless Children, now at No. fifty-three and fifty-five Warren street, in said City, equally, share and share alike. And I do by this my will declare the said 'Home' and the said 'Mission' to be and do hereby make them my residuary legatees. For the purpose of enabling my said executors to carry out and execute this my will, I do hereby will and ordain that my said executors or the survivor of them, their or his executors or executor, shall at such time or times as to them or him shall seem proper, bargain and sell either at public auction or by private sale, all my real estate, and for the doing, executing and perfect finishing thereof, I do hereby give to my said executors or executor full power and authority to grant, alien, bargain and sell, convey and assure all my said real estate to any person or persons and their heirs forever in fee simple by such ways and means as to them or him shall seem fit and necessary.

"And in the meantime, and until the sale of said real estate, I do hereby give my said executors, or the survivor, full power and authority to rent and lease said real estate, and, if necessary, to mortgage the same for the purpose of paying off existing mortgages. I do hereby give and grant full power to effect loans, and execute mortgage on my said real estate to my said executors or the survivor of them."

Winifred Conlon, the mother of the said John P. Conlon, died in his lifetime, and the legacy given to her in said will has lapsed. The defendant Margaret Berry, in open court upon the trial, renounced all claim to the legacy given her in said will. But the legacy of $1,000 to the defendant Ellen Dolan, mentioned in said will as Ellen Costello, is a valid legacy. By reason of the death of the said John P. Conlon,

leaving him surviving his wife, the defendant Eva K. Conlon, the devise and bequest to the Mission of the Immaculate Virgin for the Protection of Homeless Children, and the Home for the Aged of the Little Sisters of the Poor of the City of New York, are in contravention of chapter 360 of the Laws of 1860, and are valid to the extent of one-half part of the estate of the said John P. Conlon, after the payment of his debts and the widow's dower, and no more. And the courts below have held that the real estate descended to the heirs at law.

*Morris A. Tyng* and *George B. Morris* for appellant. John P. Conlon, the testator, by his will, effectually disposed of all his property, both real and personal, by giving the same to his executors or the survivor of them on a valid express trust. And the legal title to all his real estate is now vested in the defendant Dwyer, the surviving executor, as trustee. (L. 1896, ch. 547, § 76, subd. 2, § 77; *Morse* v. *Morse*, 85 N. Y. 53, 59; *Savage* v. *Burnham*, 17 N. Y. 561; *Vernon* v. *Vernon*, 53 N. Y. 351, 359; *Donovan* v. *Van de Mark*, 78 N. Y. 244; *Kelley* v. *Hoey*, 35 App. Div. 273; *Steinhardt* v. *Cunningham*, 130 N. Y. 292; *Tobias* v. *Ketchum*, 32 N. Y. 319; *Brewster* v. *Striker*, 2 N. Y. 19; *Cooke* v. *Platt*, 98 N. Y. 35.) It is evident from the provisions of the will of John P. Conlon that the testator intended that all the real estate of which he died seized should be converted into personalty, as of the date of his death; therefore, all the property owned by the testator must be regarded as personal property in the hands of the defendant Dwyer as executor and trustee, and the trust created by the will is a valid subsisting trust of personal property. (*Horton* v. *McCoy*, 47 N. Y. 21; *Matter of Russell*, 59 App. Div. 240; *Fisher* v. *Banta*, 66 N. Y. 468; *Kelley* v. *Hoey*, 35 App. Div. 273; *Hope* v. *Brewer*, 136 N. Y. 126; *Hatch* v. *Bassett*, 52 N. Y. 359; *Cottman* v. *Grace*, 112 N. Y. 299; *Morse* v. *Morse*, 85 N. Y. 53; *Moncrief* v. *Ross*, 50 N. Y. 431.) On the face of his will John P. Conlon effectually

disposed of all his estate by giving the same to his executors on a valid express trust. He also directed the sale of all his real estate, so that the same became converted into personal property as of the time of his death; and he effectually disposed of the entire beneficial interest in this trust. If, then, the testator died intestate as to any part of his property, this intestacy must arise from matters outside of the will, which have happened since the execution of the will and before the death of the testator. (*Matter of Walker*, 136 N. Y. 20.) The only part of his property which John P. Conlon died without having effectually disposed of by his will, is a beneficial interest in a valid trust of personal property. And as he left him surviving neither descendant nor parent, neither brother nor sister, nor descendant of brother or sister, the whole of this interest passes to his widow, the defendant Eva K. Conlon, under the provisions of the Statute of Distributions. (*Kearney* v. *Missionary Society*, 10 Abb. [N. C.] 274; *Doane* v. *M. T. Co.*, 160 N. Y. 494; *Clark* v. *Cammann*, 160 N. Y. 315; *Salisbury* v. *Slade*, 160 N. Y. 278; *Underwood* v. *Curtis*, 127 N. Y. 523; *Hatch* v. *Bassett*, 52 N. Y. 359; *Hand* v. *Marcy*, 28 N. J. Eq. 59; *Harrington* v. *Pier*, 105 Wis. 485; *Hope* v. *Brewer*, 136 N. Y. 126; *Greenland* v. *Waddell*, 116 N. Y. 234; *Power* v. *Cassidy*, 79 N. Y. 602; *Craig* v. *Leslie*, 3 Wheat. [U. S.] 563; *Sharpley* v. *Forwood*, 4 Harr. [Del.] 326.) Not only the express language of the will of John P. Conlon, but the surrounding circumstances, which may be taken into account in the interpretation of the will, show that the construction put upon the will by the court below is directly contrary to the intention of the testator, and the judgment, which is based on that construction, must, therefore, be reversed. (*Parker* v. *Linden*, 113 N. Y. 28; *Amherst College* v. *Ritch*, 151 N. Y. 282; *Doane* v. *M. T. Co.*, 160 N. Y. 494.) By the terms of his will the testator intended an absolute conversion of his real estate into personalty as of the time of his death, and the conclusion of the court below that this conversion has failed because the bequests to Winifred Conlon and Margaret Berry

have lapsed and by reason of the marriage of the testator with the appellant and his death leaving her surviving as his widow, the residuary bequests to the two charitable societies are valid under chapter 360 of the Laws of 1860, to the extent only of one-half of the estate is erroneous. (*Fisher* v. *Banta*, 66 N. Y. 468; *Read* v. *Williams*, 125 N. Y. 560; *Stagg* v. *Jackson*, 1 N. Y. 206; *M. L. Ins. Co.* v. *Bailey*, 19 App. Div. 202.)

*B. P. Ryan, George S. Daniels* and *Charles W. Culver* for respondents. The defendant appellant is barred from ask. ing this court to declare that there was an equitable conversion. (*Vernon* v. *Vernon*, 53 N. Y. 351; *Lee* v. *Tower*, 124 N. Y. 370.) Appellant fails wholly to prove conversion or a valid trust. (*Harris* v. *A. B. Society*, 2 Abb. Ct. App. Dec. 316; *Wilder* v. *Ranney*, 95 N. Y. 7.) There was no equitable conversion, and as the trust was invalid as to one-half, that half descended at once on the death of Conlon to the plaintiffs and the defendants Conor and Connington in the condition it then was — real estate. (Gerard on Tit. [3d ed.] 398; *Hawley* v. *James*, 7 Paige, 213; *De Peyster* v. *Clendining*, 8 Paige, 295; 26 Wend. 21; *McCarty* v. *Terry*, 7 Lans. 236; *Chamberlain* v. *Taylor*, 105 N. Y. 185; *Gourley* v. *Campbell*, 66 N. Y. 169; *Giraud* v. *Giraud*, 58 How. Pr. 175; *Betts* v. *Betts*, 4 Abb. [N. C.] 419; *Read* v. *Williams*, 125 N. Y. 560.) Whether the heirs take the half undisposed of outright, or after a sale by the executor for the purpose of carrying out the valid provisions of the will, they take the half of the proceeds in the form of cash, but really as real property, cannot concern the appellant if she has no interest. (*Chamberlain* v. *Taylor*, 105 N. Y. 192.)

Parker, Ch. J. The testator attempted to dispose of his entire estate by will, but the attempt was unsuccessful because having a wife, he nevertheless undertook to give the whole of it to two charitable corporations, after providing for the payment of a few small legacies, thus offending against the provisions of chapter 360 of the Laws of 1860, which in effect

provides that such a devise is valid as to one-half of the estate and no more. Who shall have the one-half of the estate undisposed of, the heirs at law or the next of kin, is the question presented for answer.

Physically regarded, such estate is land, and were it to be treated for all purposes as its form would suggest, the right of the heirs at law to take it would not be challenged. The next of kin, however, insist that by the will all of the real estate was converted into personalty, and while it still bears the outward form of land, yet, as equity treats that as done which should have been done, the conversion, from the standpoint of a court of equity, must be deemed to have taken place at the time of the death of the testator, and, hence, for all the purposes of the will it was personalty when testator died, and such of it as was undisposed of passed under the Statute of Distribution to the next of kin.

But this claim assumes, necessarily, that the will, by valid provisions, commanded that all of the estate be converted into personalty, the land of which the testator died intestate as well as the other. That he intended to have it all turned into cash there can be no doubt, but so too did he intend to give it all when so converted to the two charitable institutions, and the conversion was directed for that purpose; but his plan offended in part against the law of the state, and as to such part the legal result is the same as if he had not made any attempt to dispose of that part of his estate, for as to that he died intestate. His primary purpose was to divide the bulk of his estate between two charitable corporations, and his direction to sell the real estate and pay the proceeds over to such corporations in equal proportions was merely an incident to a proper division of the estate, a method selected by him for making those devises effectual. And in so far as his intention to dispose of his estate failed for want of power, it would seem to be a necessary and logical result that the character of the estate undisposed of would be unaffected by his futile attempt at its disposition.

But the question is no longer open for discussion in this

court, in view of the decisions in *Chamberlain* v. *Chamberlain* (43 N. Y. 431), and *Chamberlain* v. *Taylor* (105 N. Y. 185), in each of which cases, as in this, the testator's attempt to divide his estate. among charitable corporations was prevented as to one-half by the act of 1860.

In *Chamberlain* v. *Chamberlain* the validity of the trust attempted to be created was considered at length in the opinion of Allen, J., and it was said to be ineffectual as to one-half of the residuary estate, which was held to have descended to the heirs at law and next of kin. And the remittitur transmitted in pursuance of such decision determined that the real estate descended to the testator's heirs at law subject to the execution of the valid provisions of the will relating to the same, and the personal estate to his next of kin after the payment of the debts of the .testator and the execution of the effectual provisions of the will.

This case was considered in *Chamberlain* v. *Taylor* (*supra*), and as to the question now presented it was held under the doctrine of *stare decisis* to foreclose all parties from its further discussion. While other questions were discussed in the opinion, the court said that the decision therein might have rested altogether on the decision in *Chamberlain* v. *Chamberlain.*

Earlier cases in this state tend in the same direction. (*Hawley* v. *James,* 7 Paige, 213; *De Peyster* v. *Clendining,* 8 Paige, 295; *McCarty* v. *Terry,* .7 Lans. 236; *Giraud* v. *Giraud,* 58 How. Pr. 175; *Betts* v. *Betts,* 4 Abb. [N. C.] 419.)

In the *Giraud* case the court said, " the positive direction to sell. amounted to an equitable conversion of the real estate into personalty, but it is to be borne in mind that such conversion was for the valid objects of the will and when the object fails, the conversion — to that extent — also fails."

Thus it appears that the courts below rightly applied the principle established by the cases cited, viz.: That where the conversion of real estate into personalty is an incident to the devise and for the purpose of making it conveniently work-

able, then, as to so much of the estate as the devise fails to dispose of, because in violation of law, the conversion also fails. The real estate may be so situated as to require a sale of all of it in order to execute the valid portions of the will, and thus it will be turned into money in fact, but for the purposes of disposition under the statute as intestate property, it will retain its character as real estate.

The contention of counsel that the testator attempted to create an express trust as to all of his residuary estate need not be considered, for if we should agree with him it would not avail him, for the statute prohibits a devise by a person situated as this testator was, *in trust or otherwise*, for the benefit of charity of more than one-half of his estate, and hence, a devise to the executors in trust for such purpose would have been wholly void as to the one-half thereof.

The judgment should be affirmed, with costs.

Gray, O'Brien, Martin, Vann, Cullen and Werner, JJ., concur.

Judgment affirmed.