(170 App. Div. 234)

### DECKER et al. v. VREELAND et al.

(Supreme Court, Appellate Division, Second Department. December 17, 1915.)

1. WILLS ☞14—CONSTRUCTION—STATUTORY LIMITATIONS—HOW CONSTRUED.
   Decedent Estate Law (Consol. Laws, c. 13) § 17, prohibiting person having husband, wife, child, or parent from devising more than one-half of testator's estate, after payment of debts, to any benevolent, charitable, or religious society, association, or corporation in trust or otherwise, being a limitation on the power of disposition of property, cannot be applied, unless the devise comes plainly within the statutory limitation.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 35; Dec. Dig. ☞14.]

2. WILLS ☞14—CHARITABLE BEQUESTS—CONSTRUCTION—"CHARITABLE USES"—"DEVISE TO A RELIGIOUS SOCIETY, ETC."
   A devise to certain individuals named, to hold in trust for the use of, and to pay the income to, the Baptist church in certain counties, when coupled with active duties to invest the moneys and repair the properties of the trust and with powers of disposal, is not a devise to a religious society, association, or corporation, within Decedent Estate Law, § 17, prohibiting a devise of more than one-half the testator's estate to such an association, and such a devise, being to individuals for a charitable use, is valid.
   [Ed. Note.—For other cases, see Wills, Cent. Dig. § 35; Dec. Dig. ☞14.]

3. PERPETUITIES ☞8—CHARITABLE DEVISES.
   A devise to persons named, to hold in trust for the use and benefit of a church association, to repair and preserve the property and invest the funds, and providing for perpetual succession of trustees by appointment by the church, is not prohibited by the statute against perpetuities.
   [Ed. Note.—For other cases, see Perpetuities, Cent. Dig. §§ 57–66; Dec. Dig. ☞8.]

Appeal from Special Term, Kings County.

Action by Silas Decker and another against Carrie M. Vreeland and others, for the construction of a will. From a judgment for defendants, plaintiffs appeal. Affirmed.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Argued before JENKS, P. J., and THOMAS, CARR, STAPLE-TON, and PUTNAM, JJ.

Merle I. St. John, of New York City, for appellants.

William D. McNulty, of New York City, for respondents Hoag and others.

PUTNAM, J. Plaintiffs, being respectively the husband and son of Jane E. Decker, testator's sister, sue here for the construction of Conrad Vreeland's last will, made and probated in New Jersey, where the testator resided up to his death. He died seised of real estate in New Jersey worth $52,590, and possessed of personalty there amounting to $47,000. He left realty in the state of New York worth $41,300. He had no debts, and his funeral expenses were less than $1,000. He left no descendants, but was survived by a widow, Carrie M. Vreeland (a defendant), and the plaintiff, John V. Decker, with certain other defendants, his heirs at law, and next of kin. His will gave his widow the household furniture, live stock, and farming utensils; also, in lieu of dower, she received an annuity of $50 a month. He disposed of the residue as follows:

"Item Fourth.—Subject to the foregoing bequests and devises I give, devise and bequeath unto my executors, hereinafter named, but nevertheless in trust, all my real and personal estate of every kind whatsoever and wheresoever the same may be found to which I may die seized; my said executors or trustees to hold said estate and not to encumber the real estate in any way whatsoever, but to keep it in good condition, and repair, and to keep the funds of my estate properly invested in bonds and mortgages, and to use the income derived therefrom in the following manner: To pay the North New Jersey Baptist Association all the income derived from my estate for and towards the maintenance of the churches, ministers and missionaries of the Baptist denomination, and for the erection of regular Baptist churches, which are presided over by regular Baptist ministers only, and for the payment of salaries of said ministers or missionaries only; but no minister presiding over any of said churches to receive out of said income any sum in excess of three hundred dollars as salary in any one year. I hereby empower my executors and trustees to sell and give title of any real estate I may own at my decease. Any church receiving any benefit under this, my last will and testament, to be supplied with a minister who shall hold service in such churches at least once on each Sabbath day, weather permitting. Said income to be applied only to the support, erection and maintenance of churches in the manner aforesaid, in the counties of Passaic, Bergen, Morris and Sussex, in the state of New Jersey, and which are not located within the limits of any incorporated city in said counties.

"Item Fifth.—I hereby nominate and appoint my wife, Carrie M. Vreeland, Walter D. Hoag and George C. Freeland executors and trustees of this, my last will and testament. I hereby order and direct that the trustees of this trust hereinafter created, shall consist of three persons, and in the event of the death or resignation of any of the above named three trustees or their successors that said vacancy or vacancies shall continue until the next annual meeting or conference of the North Jersey Baptist Association, at which time a trustee shall be selected for each such vacancy or vacancies in the same manner as the association selects its other officers."

[1] By the fourth clause, the residuum of the estate, which constitutes practically the entire estate, is to be held perpetually by the trustees named, and those who shall succeed them, in trust for the benefit of named beneficiaries, to wit, an association of Baptist churches, and ministers and missionaries of the Baptist faith. Plaintiffs maintain

that this devise and bequest falls within section 17 of the Decedent Estate Law (Consol. Laws of 1909, c. 13), and entitles the heirs at law and next of kin to the excess above one-half of the estate.

Section 17 of the Decedent Estate Law provided:

"No person having a husband, wife, child or parent, shall, by his or her last will and testament, devise or bequeath to any benevolent, charitable, literary, scientific, religious or missionary society, association or corporation, in trust or otherwise, more than one-half part of his or her estate, after the payment of his or her debts, and such devise or bequest shall be valid to the extent of one-half, and no more." Originally by Laws of 1860, c. 360.

This statute, being a limitation upon the right of a testator to dispose of his property, is not to be applied to a devise or bequest, unless such gift comes plainly within the statutory limitation.

[2, 3] These residuary devises and bequests, although charitable, are not to a "society, association, or corporation, in trust or otherwise," but are to trustees, upon whom the testator has conferred active powers and duties—to keep and preserve the realty, with the power to sell the same, and to keep the funds of the estate invested in bonds and mortgages, and to use the *income* towards the maintenance of certain churches, ministers, and missionaries of the Baptist denomination. This is clearly a devise to individuals for charitable uses, and not within the purview of the statute of 1860. Allen v. Stevens, 161 N. Y. 122, 55 N. E. 568. The property is permanently in the trustees, the income to be used for specific purposes. Where the trustees named are to turn over the subject of the trust to charitable corporations, such beneficiaries are virtually legatees, and a different rule applies. Jones v. Kelly, 170 N. Y. 401, 63 N. E. 443. Our Legislature did not design to prevent income as such from going to charitable purposes. Such gifts are not subject to our statute against perpetuities. Matter of Shattuck, 193 N. Y. 446, 450, 86 N. E. 455, and cases cited. Mr. Vreeland's will directs the trustees named to execute, themselves, a continuing trust, and vests in the trustees a lasting title to the property so devised.

The equities are with the designated beneficiaries. The testator left no child, grandchild, or parent. The widow, who was the only one holding a relation to the testator to benefit by the statute, approved this testamentary trust, and asks that it be sustained. Plaintiffs, who had no legal claim upon the testator's bounty, should therefore be held to their strict legal rights.

I advise that the judgment in favor of the defendants be affirmed, with costs. All concur.