In the Matter of the Application of CORNELIA C. EARNSHAW et al., for the Appointment of a Trustee under the Will of JOSEPH W. CORLIES, SR., Deceased.

EDWARD M. BERRIEN, as Trustee, Appellant; KATHERINE R. PARKER et al., Respondents.

Appeal — when order vacating former order appointing a trustee is final order in special proceeding — will — power of sale — proceeding to appoint trustee.

An order of the Appellate Division affirming an order of the Special Term, which vacated a former order appointing a trustee under a will in place of a deceased trustee, is a final order in a special proceeding and, therefore, may be appealed from to this court.

Where a testator not only gave power of sale to his executor and executrix, but specially directed them to convert part of his residuary estate into cash as soon as they could conveniently without loss, and to invest and keep the same invested upon bond and mortgage, this was an imperative power to sell, equitably converting the real estate designed for the trust into personalty and the trust estate must be regarded and treated as such.

The bringing of the beneficiary into court is not made a condition precedent to the power to appoint a trustee under the Personal Property Law, and consequently the court may appoint upon such notice as it may under the circumstances require. The trustee herein was appointed upon the petition of the persons entitled to the income of the trust estate during their lives. The remaindermen were their children. *Held*, that the Special Term erred in holding that the court had no jurisdiction to make the appointment.

*Matter of Earnshaw*, 131 App. Div. 915, reversed.

(Argued October 7, 1909; decided November 9, 1909.)

APPEAL from an order of the Appellate Division of the Supreme Court in the second judicial department, entered April 8, 1909, which affirmed an order of Special Term vacating a former order appointing the appellant herein as trustee to execute certain trusts under the will of Joseph W. Corlies, Sr., deceased. Also motion to dismiss said appeal upon the ground that the order appealed from was not a final order.

The facts, so far as material, are stated in the opinion.

*Henry C. Griffin* and *Joseph B. Thompson* for appellant. It was not necessary to make the contingent remaindermen parties to the proceeding for an appointment of a trustee in this case. (2 Story's Eq. Juris. [11th ed.] § 1214a; *Griffin* v. *Baust*, 26 App. Div. 553.) Even if the petitioners had failed to notify all of the beneficiaries, it would not render the appointment void for want of jurisdiction. (*N. Y. S. & T. Co.* v. *S. G. & E. L. Co.*, 88 Hun, 569; *Smith* v. *C. T. Co.*, 154 N. Y. 333.) The petitioner is estopped by the order appointing appellant, and the matter is *res adjudicata* as to her. (*Starbuck* v. *Starbuck*, 173 N. Y. 503; *Matter of Livingston*, 34 N. Y. 555.)

*Robert C. Morris* and *Guthrie B. Plante* for respondents. No notice of the application for the appointment of a trustee having been given to the remaindermen the subsequent order vacating the order of appointment was properly made. (*Matter of Welch*, 20 App. Div. 412; *Matter of Reinisch*, 20 App. Div. 416; *Matter of Wetmore*, 113 App. Div. 232; *Matter of Bartells*, 109 App. Div. 586.) The suppression of material facts that should have been disclosed to the court is sufficient ground for the vacating of the order appointing the trustee. (*Matter of Bartells*, 109 App. Div. 586.)

HAIGHT, J.  Joseph W. Corlies, Sr., died on the 25th day of October, 1860, seized of the premises in question. He left him surviving a widow, three sons and two daughters. He left a last will and testament which was duly proved and admitted to probate, in which, after making provision for his widow, he divided three-fifths of the remainder among his sons, and then gave the other two-fifths to his trustees in trust for his two daughters, Cornelia and Emily, during their lives, with remainders to their children. The will named his widow and three sons as executrix and executors and trustees. It authorized his executrix and executors, the survivors and survivor of them, to sell and dispose of the real estate of which he died possessed, excepting that bequeathed to his wife, at either private or public sale, and to give good and sufficient deeds

therefor. He then further provided : " I desire that my exec-
utrix and my executors shall convert the two fifths of my
residuary estate bequeathed to them in trust into cash as soon
as they can conveniently do so without loss, and to invest and
keep the same invested upon bond and mortgage upon good
productive real estate in the cities of New York and Brook-
lyn during the continuance of said trust."

On the 22d day of January, 1868, the executrix and
executors, under the power of sale in the will, sold the prem-
ises in question to Meyers & Johnson for the sum of $21,267,
which sum was paid to them. But the deed was executed
only by the executrix and two of the executors, the other
executor being absent in Europe. Thereupon Meyers &
Johnson paid the consideration and entered into possession of
the premises, and they, or their successors and assignees, have
ever since continued in the possession thereof. Subsequently
the widow and the three sons all died, the last on the 8th day
of June, 1877, thus leaving the trust estate without any
trustee to manage it. Thereupon, upon petition of Cornelia,
one of the testator's daughters, the Supreme Court appointed
her husband, John W. S. Earnshaw, as trustee under the
will, and he continued to act as such trustee until his death
on the 24th of September, 1891, since which time no person
had been appointed trustee under the will until the 8th day
of March, 1907, at which time Edward M. Berrien, the appel
lant, was appointed such trustee upon the joint petition of the
two daughters of the testator, Cornelia C. Earnshaw and
Emily C. Reese. Berrien, upon his appointment, qualified as
such trustee by taking the oath and giving the bond required,
and entered upon his duties as such. Subsequently he sold as
such trustee and conveyed the premises in question to one
Louis Stern for the sum of $500, Stern having succeeded to
the title and possession of Meyers & Johnson. Thereupon
Emily C. Reese, one of the daughters, petitioned the court for
the removal of Berrien as trustee, alleging that she was induced
to petition for his appointment through false and fraudulent
statements with reference to the value of the property and

the facts of the case. The prayer of the petition concluded by demanding that the order appointing Berrien as trustee be vacated and set aside, and that all papers, deeds and documents made and executed or delivered by him be vacated. Attached to her petition is an affidavit of her daughter, Katherine R. Parker, in which she joined with her mother in asking for the same relief. Upon the hearing of the matter in Special Term the judge found that Mrs. Reese was not deceived by any false or fraudulent statements made to her at the time she executed the petition for the appointment of Berrien as trustee, and expressly found that all of the charges of false statements and allegations were unfounded and without merit. But the judge concluded by finding the Special Term that appointed Berrien as trustee was without jurisdiction, and thereupon the judge vacated the order appointing Berrien trustee, and stated in the order the grounds therefor to be that the former order was made without jurisdiction.

It further appears that Stern had entered into an agreement with one Henry Corn to exchange properties of the value of upwards of two millions of dollars, which included the lands in question ; that, on the law day fixed for the concluding of the exchange, Corn objected to the title of these premises, whereupon it was agreed he might retain in his hands the sum of $36,000.00, and that Stern should have six months' time in which to perfect the title. The rest of the agreement was carried out and the exchange of properties consummated. Stern thereupon applied to Mrs. Reese and Mrs. Earnshaw for deeds which would perfect his title, and upon his paying to each the sum of $500.00 they respectively executed and delivered such deeds, and in addition thereto petitioned the court for the appointment of Berrien as trustee. The land is described as located about one and three-quarters miles southeast of Tarrytown, to be rough and uncultivated, about half of it covered with small timber and the balance with bushes and used as a pasture ; that it has no frontage upon any highway or road or right of way, but is entirely cut off from approach except by the crossing of lands

of adjoining owners. The evidence tends to show that Stern when he purchased it in 1901 paid $4,000.00 for it, and a number of experts gave its present value to be $5,000.00, while on behalf of the petitioner, Mrs. Reese, it is claimed that its present value is the amount retained by Corn, $36,000.00.

It is contended that Stern and Corn are the parties chiefly interested in this litigation, and that one of them instigated or procured Mrs. Reese to institute these proceedings. But we do not consider the differences between Stern and Corn, as now before us, for determination, and we shall, therefore, limit our review of the case to the determination of the legal questions raised by the order vacating the appointment of Berrien as trustee. This order we regard as a final order in a special proceeding, and, therefore, it may be appealed from to this court.

In the first place it is not clear to us that Mrs. Reese should be permitted to be heard upon the question of the validity of the order appointing Berrien as trustee. For, as we have seen, he was appointed upon her own petition and her own motion. It is true that if she had been deceived by false and fraudulent statements and was improperly induced to make the petition for the appointment of Berrien, then she had the right to petition the court for relief. But, as we have seen, the court has found that she was not deceived by any false statements or fraudulent representations, that she knew all of the facts, and, so knowing the facts, she had executed a deed conveying away her entire interest in the premises. With the charges of fraud disposed of, we would naturally suppose that the Special Term would have dismissed her application, but the court saw fit to vacate the order appointing Berrien, for the reason that the court appointing him was without jurisdiction. We are thus brought to a consideration of that question. As we have seen, the will gave to the executrix and executors not only the power to sell and convey the real estate at public or private sale, but the testator specifically directed such executrix and executors to convert two-fifths of

the residuary estate into cash as soon as they could conveniently do so without loss, and to invest and keep the same invested upon bond and mortgage. This was an imperative power to sell, thus equitably converting the real estate designed for the trust into personalty, as of the date of the testator's death. (*Doane* v. *Mercantile Trust Co.*, 160 N. Y. 494, and authorities there cited.) The trust estate must, therefore, be regarded as personal property and treated as such.

Section 8 of the Personal Property Law (L. 1897, ch. 417) provides that " On the death of a surviving trustee of an express trust, the trust estate does not pass to his next of kin or personal representatives, but, if the trust be unexecuted, it vests in the Supreme Court and shall be executed by some person appointed by the court, whom the court may invest with all or any of the power and duties of the original trustee. The beneficiary of the trust shall have such notice as the court may direct of the application for the appointment of such person." In this case, as we have seen, all of the executors and trustees had died. No person was left to execute the trust. It, therefore, under the express provisions of the statute, vested in the Supreme Court who was authorized to execute it by the appointing of some person. The appointment was made upon the joint petition of the life tenants. The remaindermen were their children. They were to have such notice as the court should direct. The court in the exercise of its discretion did not require notice to be given to the remaindermen, but made the appointment upon the petition of the life tenants. In the Real Property Law the provision is different. The estate vests in the Supreme Court, the same as does the trust estate of personal property, and shall be executed by some person appointed for that purpose under the direction of the court. But the statute then provides that no person shall be appointed to execute the trust until the beneficiary thereof shall have been brought into court by such notice in such manner as the court may direct. It will be observed that in the case of real property the beneficiary must be brought into court by such notice as the court shall

direct. The bringing of the beneficiary into court is not made a condition precedent to the power to appoint under the Personal Property Law, and consequently the court may appoint upon such notice as it may under the circumstances require. Suppose the remaindermen consisted of small children, or of persons who resided in foreign lands and their place of abode was unknown, and the court in the exercise of a sound discretion should dispense with the service of notice upon them and proceed to execute the trust at the instance of the life tenants? Would the action of the court be without jurisdiction? I think not. It appears to me that the design of the statute was to give the court that power. It may be better practice to have notice given to the remaindermen of the appointment of a trustee, and possibly notice to them should not be dispensed with except under extraordinary circumstances. In this case only one of the remaindermen is before the court. The rest have had no notice of this application, and we are not now called upon to determine their rights. They may not seek the removal of the trustee. They may conclude to confirm the proceedings taken by their parents to have Berrien appointed trustee and to execute the trust. They may conclude, in view of the fact that the trustees had received $21,000.00 for this property, and that the petitioners had been in possession for upwards of forty years, and that at present the property is inaccessible and uncertain in value, that it is wise to accept the amount paid therefor by Stern to their parents and to the trustee. We, therefore, incline to the view that the Special Term erred in holding that the court had no jurisdiction to appoint a trustee of the estate.

The motion to dismiss the appeal should be denied, and the orders of the Appellate Division and Special Term should be reversed, and the application of Mrs. Emily C. Reese denied, with costs in all the courts.

CULLEN, Ch. J., EDWARD T. BARTLETT, VANN, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Ordered accordingly.