EVA K. CONLON, Appellant, *v.* MARY A. KELLY et al., Defendants.

JOSEPH L. BUTTENWEISER, Respondent.

Dower —judgment in action for admeasurement of dower, lien upon real property of decedent thereafter sold under testamentary power of sale — when order discharging receiver appealable.

In an action to admeasure dower, judgment was rendered that the widow receive one-third of the income of certain property of her deceased husband. Thereafter an action was brought for the construction of the will of the decedent, in which action a receiver was appointed of the real estate affected by the dower interest. In that action it was adjudged, among other things, that such real estate be sold under a power in the will and the proceeds distributed as therein set forth "making due allowance for the dower of the widow," who was a party to the action. The property was sold and, on petition of the person to whom the title to part of the premises passed an order was granted discharging the receiver as to such parcels, and directing him to pay over to such petitioner the rents and profits thereof, freed from any claim of dower by the widow and to refrain from further collecting such rents. *Held,* that the judgment admeasuring dower became a charge on the premises under the express provisions of sections 1613 and 1614 of the Code of Civil Procedure; that whatever title was subsequently acquired is deemed to have been acquired subject to such lien, and that the judgment in the action for construction of the will was not intended and does not purport to modify or change the former judgment fixing the widow's dower in the real estate.

The order discharging the receiver and awarding to the owner possession of the property and directing the money in the hands of the receiver to be turned over to him is a final order in a special proceeding and, therefore, appealable.

*Conlon* v. *Kelly,* 136 App. Div. 940, reversed.

(Argued April 27, 1910; decided June 7, 1910.)

APPEAL from an order of the Appellate Division of the Supreme Court in the first judicial department, entered February 16, 1910, which affirmed an order of Special Term directing a receiver, theretofore appointed in an action for dower, to pay to the respondent herein the excess rents and profits collected from certain premises which had been sold to said respondent and discharging the said receiver from any further duties with regard to said premises.

The facts, so far as material, are stated in the opinion.

*Frederic J. Swift* and *William R. Conklin* for appellants. The dower of the widow having been admeasured in an action brought for that purpose, it attached to the land for the life of the widow, and the land cannot be freed by the order of the court herein appealed from. (*Egan* v. *Walsh*, 11 J. & S. 402; L. 1896, ch. 547, §§ 131, 139, 177, 203.) In so far as the decree in *Jones* v. *Kelly* appears to modify the decree in *Conlon* v. *Kelly*, it is void and of no effect. (*Matter of Mason*, 120 App. Div. 738; *Slotus* v. *Foote*, 172 N. Y. 372; *House* v. *Lockwood*, 137 N. Y. 259; *Springer* v. *Bien*, 128 N. Y. 99; *Stannard* v. *Hubbell*, 123 N. Y. 520; *Stowell* v. *Chamberlain*, 60 N. Y. 272; *Woodgate* v. *Fleet*, 44 N. Y. 1; *Campbell* v. *Carsalus*, 25 N. Y. 613; *Rudd* v. *Cornell*, 171 N. Y. 114; *C. C. Bank* v. *Judson*, 8 N. Y. 254; *Matter of Walker*, 136 N. Y. 29.) The Court of Appeals has jurisdiction to hear and determine the questions presented by the order appealed from herein, pursuant to the provisions of subdivision 1 of section 190 of the Code, and the Constitution, article 6, section 9. (*Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *People* v. *City Bank*, 96 N. Y. 32; *Kingsland* v. *Fuller*, 157 N. Y. 507; *Merges* v. *Ringler*, 158 N. Y. 701; *Parish* v. *Parish*, 175 N. Y. 181; *Matter of Cutting*, 49 App. Div. 388; *State* v. *District Court*, 72 Pac. Rep. 613.)

*William J. Fanning* for Thomas M. Mulvy as receiver.

*William Mason Smith* and *Hiram Thomas* for respondent. This appeal should be dismissed for want of jurisdiction.

The order appealed from is not a final order in a special proceeding. It is an order in the action, though made after judgment. (Const. of N. Y. art. 6, § 9 ; Code Civ. Pro. § 190 ; *Van Arsdale* v. *King,* 155 N. Y. 325 ; *G. T. Co.* v. *P., R. & N. E. R. R. Co.,* 160 N. Y. 1 ; *People* v. *A. L. & T. Co.,* 150 N. Y. 117; *Matter of Attorney-General,* 155 N. Y. 441 ; *N. Y. S. Co.* v. *S. G. & E. Co.,* 156 N. Y. 645 ; *Whalen* v. *Stewart,* 194 N. Y. 495 ; *Merriam* v. *Wood, etc., Co.,* 155 N. Y. 136 ; *Jewelers' Mercantile Agency* v. *Rothschild,* 155 N. Y. 255 ; *Johnstown* v. *Wade,* 157 N. Y. 50 ; *Matter of Small,* 158 N. Y. 128 ; *K. T. Co.* v. *Railway Co.,* 197 N. Y. 391.) The appeal should be dismissed for want of jurisdiction, because the order appealed from rested in discretion. (*Dawson* v. *Parsons,* 137 N. Y. 605 ; Alderson on Receivers, §§ 7, 9, 49 ; *Mahon* v. *O. E. Co.,* 156 N. Y. 196 ; *Connolly* v. *Kretz,* 78 N. Y. 620 ; *Matter of Attorney-General,* 155 N. Y. 441 ; *Gittleman* v. *Feltman,* 191 N. Y. 205 ; *Schneider* v. *City of Rochester,* 155 N. Y. 619 ; *Matter of Droege,* 197 N. Y. 44 ; *M., etc., R. R. Co.* v. *Soutter,* 154 U. S. 540.) The receiver was properly discharged as to the property sold, as there was thereafter no necessity for continuing the receivership as to such premises. (High on Receivers [4th ed.], § 832 ; Alderson on Receivers, § 654 ; *M., etc., R. R. Co.* v. *Soutter,* 2 Wall. 510.) The widow's rights in the property sold were divested by the conveyance made in accordance with the judgment in *Jones* v. *Kelly,* and her rights attach to the proceeds of the sale. She is estopped from asserting the contrary. (*Davis* v. *Wakelee,* 156 U. S. 680 ; *Thorn* v. *De Breteuil,* 179 N. Y. 64 ; *Baird* v. *Mayor, etc.,* 74 N. Y. 382 ; *Jones* v. *Kelly,* 63 App. Div. 614.)

HAIGHT, J. On the 5th day of April, 1899, John P. Conlon died seized of real property located in the city of New York known as 121 Worth street, 39 Mott street and 321 West 16th street. He left a will dated March 21st, 1877, which, after his death, was duly proved and admitted to

probate. After the making of his will he married the appellant, Eva K. Conlon, who still survives him. After his death she brought an action to have her dower in his real estate admeasured, which resulted in a judgment awarding her dower in the three parcels of real estate above mentioned, but that it was not for the best interest of the parties nor practical to admeasure and lay off a distinct parcel of the property for her use, but in lieu thereof the court fixed the rental value of each parcel, amounting in the aggregate to $7,897.00, and that the net income therefrom, after deducting disbursements, taxes and interests on mortgages, etc., was $4,514.44, and then "adjudged and decreed that Michael J. Dwyer, as the executor and trustee of the last will and testament of John P. Conlon, deceased, and any and all other defendants who may hereafter come into possession of their real estate and the income thereof pay to the plaintiff one-third of the net annual income thereof, said one-third amounting to $1,504.81, and that he or they pay the same in equal quarterly sums of $376.20, the first quarter being the quarter beginning on the 17th day of May, 1900, and ending on the 17th day of August, 1900 ; that the amount of said payments may be thereafter increased or decreased by the court in case of any material change in the net annual income of said real property."

It appears that the executor and trustee, Michael J. Dwyer, entered into the possession of the real estate in question, and as such executor and trustee rented the same, and paid over to Mrs. Conlon quarterly the sums adjudged to be due her in the judgment until the time of his death, which occurred on July 6th, 1902. Thereupon, there being an action pending for a construction of the will, brought by the heirs at law against the devisees under the will, the court, upon the petition of Mrs. Conlon, appointed a receiver to take possession of the real property, lease and collect the rents therefrom, and quarterly pay over to her the dower interest therein. Subsequently the action which had been brought for a construction of the will came on for trial, and it was then adjudged that inasmuch as the testator died leaving Mrs. Conlon his

widow him surviving, the provisions of his will giving all of
his real estate to charitable institutions was void as to one-
half of the real estate so devised, and that the half interest in
such real estate descended to and vested in his heirs at law.
It further adjudged that Michael J. Dwyer, the executor and
trustee named in the will, "has a power in trust to sell the
said real estate of which said John P. Conlon died seized and
possessed and that the same should be sold by him, and after
payment of the debts of said decedent, and the cost of
administration and sale, and making due allowance for the
dower of the widow, Eva K. Conlon, that he pay one-half of
the remainder of the proceeds of said real estate to the defend-
ant The Mission of the Immaculate Virgin." (And other
charitable institutions, specifically naming them; and the
remaining half to the heirs at law, specifically naming
them.) After the death of Michael J. Dwyer, Eileen
Dwyer was appointed executrix under his will, and on
the 19th day of June, 1907, as such executrix, conveyed
to Julius B. Fox lots known as 39 Mott street and 321
West 16th street. On the same day Fox conveyed the lots
to Joseph L. Buttenweiser who now claims to be the owner
thereof, and as such owner on the 24th day of January, 1908,
he petitioned the Supreme Court for an order discharging the
receiver as to the two lots claimed to have been purchased by
the petitioner, and that the receiver be ordered to pay over
to the petitioner the rents collected therefrom since the 19th
day of June, 1907. This resulted in an order discharging the
receiver as to the two lots in question and directing him to
pay over to Buttenweiser the rents and profits collected from
the premises referred to since the date of the purchase thereof
by. Buttenweiser, and to thereafter refrain from collecting the
rents or from otherwise interfering with the premises. This
order has been unanimously affirmed by the Appellate Division
and is now brought up for review in this court.

It is now contended that the order appealed from is an order
in the action of Eva K. Conlon to have her dower admeasured
and, therefore, is not appealable to this court. The petition

is for the removal of a receiver. It is true that the receiver was appointed to carry out the provision of the judgment in that action, but the petitioner was not a party to that action and was not in any wise interested as to the judgment entered therein. He claims to be a purchaser of the real estate under a power of sale given by the will of the testator Conlon. Having purchased, he seeks to recover the possession from the receiver. The order discharged the receiver and awarded Buttenweiser possession and directed the money in the hands of the receiver collected for rents to be turned over to him. This is regarded as a final order in a special proceeding and, therefore, appealable. (*Matter of Earnshaw*, 196 N. Y. 330–334; *Matter of King*, 168 N. Y. 53; *Matter of Fitzsimons*, 174 N. Y. 15; *Velleman* v. *Rohrig*, 193 N. Y. 439; *People* v. *City Bank of Rochester*, 96 N. Y. 32; *Peri* v. *N. Y. C. & H. R. R. R. Co.*, 152 N. Y. 521; *Matter of Regan*, 167 N. Y. 338–341; *Kingsland* v. *Fuller*, 157 N. Y. 507; *Merges* v. *Ringler*, 158 N. Y. 701; *Holme* v. *Stewart*, 155 N. Y. 695; *Smith* v. *Secor*, 157 N. Y. 402.)

It is claimed on the part of Buttenweiser that he has become the owner of the lots in question, freed from any claim for dower by Mrs. Conlon, and apparently the courts below have sustained his contention.

Under the judgment admeasuring the dower of Mrs. Conlon, as we have already seen, it appears that it was adjudged and determined that a distinct parcel of the real estate could not be laid off to the tenant in dower without material injury to the interest of the parties, and that in lieu thereof it was adjudged that the executor and trustee should quarterly pay over to her one-third of the income, which amount was fixed in the judgment subject to changes by the court in case of a material change in the annual income. This judgment became a charge upon the premises, under the express provisions of sections 1613 and 1614 of the Code of Civil Procedure, and whatever title Buttenweiser possessed, he is deemed to have acquired with knowledge of her lien.

It is contended, however, that this judgment has been practically annulled by the judgment entered in the other action construing the will. In that action no issue was joined upon the question of dower or adjudication asked with reference thereto. The contention was that the testator having left a widow him surviving, the provisions of the will giving all of his real estate to charitable institutions could not be sustained. It is true that the widow was made a party and that she answered admitting some and stating that she was a stranger as to the other allegations, but asked for no relief whatever. Upon the trial it was stipulated that the deceased left Mrs. Conlon his widow surviving him and that he left no issue, and the plaintiff read in evidence the judgment entered upon the application for the admeasurement of her dower, so that all of the facts pertaining to that decree were placed before the court by stipulation and by the plaintiff in the action. The trial judge held that the will was void as to one-half of the real estate devised to charitable institutions and adjudged, as we have seen, that Michael J. Dwyer, the executor and trustee, had a power in trust to sell the real estate, and that the same should be sold by him, and after payment of the debts of the decedent and the cost of administration and sale, and "making due allowance for the dower of the widow," to pay, etc. We think that this judgment was not intended, nor does it purport, to modify or change the former judgment fixing the widow's dower in the real estate. It is a judgment construing the will and determining the powers of the trustee, and nothing more. It did not attempt to specify whether the premises should be sold subject to the widow's right of dower, or as to whether one-third should be set apart and invested for her benefit, or whether she should accept a gross sum in lieu thereof, obviously for the reason that that had been provided for in the former judgment. It is true that the widow appealed from this judgment, and that it was subsequently affirmed in the Appellate Division and in this court. (*Jones* v. *Kelly*, 63 App. **Div.**

614; affirmed, 170 N. Y. 401.) But the question that she brought up for review pertained to the power of sale contained in the will. Her counsel made the point that the power was imperative and operated to convert the real estate into personalty as of the death of the testator; and in view of the fact that he died leaving no children, father, mother, brother, sister, nephew or niece him surviving, she, as his widow, would take the undevised portion of his real estate instead of his remote heirs at law. It was, however, held that the power of sale was discretionary and not imperative, and, therefore, she was defeated upon her appeals. This did not, however, in anywise affect her dower interest in the premises.

Assuming that Buttenweiser has obtained title to the real estate in question, but subject to the dower interest of the widow, the Supreme Court in its discretion would have the power, upon such terms as it chose to impose, to discharge the receiver and admit Buttenweiser into the possession, control and management of the premises. That court doubtless had the power to order the receiver to account and pay over to Buttenweiser the income from the premises received after the purchase by him, which prior to such purchase would have belonged to the heirs at law and devisees. But under the terms of the judgment entered in the dower action, one-third of such proceeds in the hands of the receiver, derived by him from the two lots in question, belonged to the widow, and the court clearly erred in directing such proceeds to be paid over to the purchaser.

The order of the Appellate Division should be reversed and that of the Special Term modified, so as to provide that Buttenweiser's title to the real estate in question is subject to the dower interest of the widow Eva K. Conlon, as fixed and determined by the Supreme Court in the action admeasuring her dower interest therein, and is payable to her by the owner or occupant thereof quarterly as fixed by said judgment, and that of the $2,257.72 in the hands of the receiver at the time of his discharge one-third thereof be paid over to said Eva

K. Conlon to apply upon her dower interest in the premises, due at that time, and as so modified affirmed, with costs to her in all courts.

CULLEN, Ch. J., GRAY, VANN, WERNER and HISCOCK, JJ., concur.

Ordered accordingly.