Secondo Guasti et al., Respondents, *v.* Tobias Miller, Appellant.

**Special proceedings—judgment against bankrupt will not be canceled under statute (Debtor and Creditor Law, Cons. Laws, ch. 12, § 150) when schedule states residence of creditor was "unknown," although bankrupt had notice thereof.**

1. An application by a bankrupt for an order canceling a judgment under section 1268 of the Code of Civil Procedure, now section 150 of the Debtor and Creditor Law (Cons. Laws, ch. 12) is a special proceeding and an order made therein is appealable to the Court of Appeals.

2. On examination of defendant's schedules in bankruptcy, it sufficiently appears that the claim from which he seeks to be discharged was not scheduled in accordance with the requirement of section 7 of the Bankruptcy Act, in that it stated that the residence of the claimant was "unknown," when defendant had actual notice thereof, and hence his application to have the judgment canceled was properly denied.

*Guasti* v. *Miller*, 144 App. Div. 898, affirmed.

(Submitted October 6, 1911; decided October 24, 1911.)

Appeal from an order of the Appellate Division of the Supreme Court in the first judicial department, entered April 28, 1911, which affirmed an order of Special Term denying a motion made on behalf of defendant, after his discharge in bankruptcy, to cancel a judgment theretofore obtained by the plaintiffs against him.

The facts, so far as material, are stated in the opinion.

*William C. Rosenberg* and *Jesse S. Epstein* for appellant. Plaintiffs' claim against the defendant was duly and properly scheduled according to the provisions of the United States Bankruptcy Law, and the decree discharging the defendant released him from the plaintiffs' judgment. (*Lent* v. *Farnsworth*, 94 App. Div. 99; 180 N. Y. 503; *Lutz* v. *Kalmus*, 115 N. Y. Supp. 230; *Matter of Mollner*, 75 App. Div. 441; *People ex rel. Kenyon* v. *Sutherland*, 81 N. Y. 1.) Unless the debt of the respondents is within one of the exceptions contained in section 17 of the Bankruptcy Act, the discharge of the appellant is effective to release the same. (*Matter of Petersen*, 137 App. Div. 435; *New York Inst.* v. *Crockett*, 117 App. Div. 269; *Sherwood* v. *Mitchell*, 4 Den. 435; *Brereton* v. *Hull*, 1 Den. 75; *Harrison* v. *Lourie*, 49 How. Pr. 124; *Stevens* v. *King*, 16 App. Div. 377; *Chapman* v. *Forsythe*, 2 How. [U. S.] 202; *Matter of Herring*, 133 App. Div. 295; 196 N. Y. 218.)

*Albert M. Yuzzolino* for respondents. The judgment cannot be canceled unless it was so scheduled as to be covered by the discharge in bankruptcy. (*Feldmark* v. *Weinstein*, 45 Misc. Rep. 329.) Plaintiffs' judgment was not duly scheduled pursuant to the provisions of the Bankruptcy Act. (*Feldmark* v. *Weinstein*, 45 Misc. Rep. 329; *Columbia Bank* v. *Birkett*, 195 U. S. 345; 174 N. Y. 112; *Hitchings* v. *Simmons*, 53 Misc. Rep. 399; *Sutherland* v. *Lasher*, 41 Misc. Rep. 249; *Haack* v. *Theise*, 51 Misc. Rep. 3; *Weidenfeld* v. *Tillinghast*, 54 Misc. Rep. 90; *Westheimer* v. *Howard*, 47 Misc. Rep. 145; *Matter of Boom*, 48 Misc. Rep. 632.)

HAIGHT, J. The judgment sought to be canceled was docketed in the office of the clerk of the county of New York on April 16, 1895, and the discharge in bankruptcy was obtained May 9th, 1903. The defendant's schedule, with his petition in bankruptcy, was filed September

26th, 1902, and set forth the plaintiffs' judgment in the following words:

| "Name of Creditor | Residence and Occupation. | Nature and Consideration of Debt, etc. |
|---|---|---|
| Guasti & Bernard | Unknown, California. | Goods sold and delivered. * * * Judgment was rendered in the City Court of The City of New York, April 16, 1895." |

The defendant applied to the Special Term for an order canceling the judgment under section 1268 of the Code of Civil Procedure, which has been repealed and is now embraced in section 150 of the Debtor and Creditor Law (Consol. Laws, ch. 12), and provides as follows: "At any time after one year has elapsed, since a bankrupt was discharged from his debts, pursuant to the acts of congress relating to bankruptcy, he may apply, upon proof of his discharge, to the court in which a judgment was rendered against him, or if rendered in a court not of record, to the court of which it has become a judgment by docketing it, or filing a transcript thereof, for an order, directing the judgment to be canceled and discharged of record. If it appears upon the hearing that he has been discharged from the payment of that judgment or the debt upon which such judgment was recovered, an order must be made directing said judgment to be canceled and discharged of record," etc. The Bankruptcy Act, section 7, among other things, provides that the bankrupt shall file a schedule of his property, and also give "a list of creditors showing their residences if known, if unknown, that fact to be stated." The Special Term denied the defendant's application upon the ground, as stated by the judge in his memoranda filed, that the affidavits clearly show

that the plaintiffs' judgment was not duly scheduled, as required by the Bankruptcy Act, basing his decision upon *Columbia Bank* v. *Birkett* (174 N. Y. 112) and *Graber* v. *Gault* (103 App. Div. 511). That order has been affirmed in the Appellate Division.

A preliminary objection has now been raised, to the effect that the application was for an order in the action, and for that reason it is not appealable to this court. The application is based upon the result of a proceeding in bankruptcy that has been conducted in the Federal court, and the application may be made not only by the bankrupt himself, but by any person who has succeeded to the rights of the bankrupt in the property affected thereby. (*Graber* v. *Gault*, 103 App. Div. 511.) We are of opinion that it is a special proceeding. (*Peri* v. *N. Y. C. & H. R. R. R. Co.* 152 N. Y. 521; *Conlon* v. *Kelly*, 199 N. Y. 43.)

In considering the case upon the merits, we find that the schedule states the residence and occupation of the plaintiffs as Unknown, California; and stating the nature and consideration of the debt, it is said in the schedule to be for goods sold and delivered. The affidavits read upon the motion show that the plaintiffs were wine merchants and producers, doing business at Los Angeles, California, and had been engaged in that business for upwards of twenty-five years past; and that the claim on which the judgment was entered against the defendant was based on the acceptance of a draft drawn on the defendant by the plaintiffs, containing their post office address as Los Angeles, California, which was accepted by him and was given in payment of a carload of wine purchased by said Miller from the plaintiffs in Los Angeles, California. There were additional facts made to appear by the affidavits, which we do not deem it necessary to here refer to, for we deem them sufficient to sustain the finding of the Special Term that the defendant had actual notice of the plaintiffs' residence and post office address. It

also is made to appear that the plaintiffs knew nothing of the proceedings in bankruptcy, or that the defendant had instituted such proceedings, until August 23, 1910, long after the discharge had been granted by the Bankruptcy Court. We are, therefore, of the opinion that the claim of the plaintiffs was not properly scheduled by the defendant, and that consequently the Special Term properly denied the defendant's application. (*Columbia Bank* v. *Birkett*, 174 N. Y. 112; affirmed, 195 U. S. 345.)

The order should be affirmed, with costs.

CULLEN, Ch. J., WERNER, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur; VANN, J., absent.

Order affirmed.