UNITED STATES TRUST CO. OF NEW YORK v. KIDDLE et al.

(Supreme Court, Special Term, New York County. May 9, 1916.)

1. EXECUTORS AND ADMINISTRATORS ☞43—ASSETS OF ESTATE.

Under a life trust for investment and payment of income to the creator of the trust, and upon her death the trust estate to go to her administrator, the personal property of the estate, on the death of beneficiary, should be turned over to her administrator.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 279, 281; Dec. Dig. ☞43.]

2. EXECUTORS AND ADMINISTRATORS ☞26(2)—BONDS.

In such case the administrator should be required to file a further bond in a sum to be fixed by the decree.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 158–170; Dec. Dig. ☞26(2).]

3. TRUSTS ☞274(1)—CONSTRUCTION.

Under a life trust for investment and payment of income to the creator of the trust, with discretion to sell, and upon her death the trust estate to go to her administrator, charges arising from the real property after death of beneficiary should be paid from the proceeds of the real property sold.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 389; Dec. Dig. ☞274(1).]

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

4. TRUSTS ⟂274(1)—CONSTRUCTION.

Under a life trust for investment and payment of income to the creator of the trust with discretion to sell and upon her death the trust estate to go to her administrator, after death of beneficiary the expenses of closing the trust estate composed of real property, including trustee's commissions, should be paid from the proceeds of the real property sold.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 389; Dec. Dig. ⟂ 274(1).]

5. COURTS ⟂472(4)—CONCURRENT OR EXCLUSIVE JURISDICTION—TRUST ESTATE—DISTRIBUTION.

The Supreme Court will not determine the distribution of property, although it consists of the remainder after a life trust, but will leave the determination of such question to the Surrogate's Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1204; Dec. Dig. ⟂472(4).]

6. CONVERSION ⟂11—SALE OF LAND BY TRUSTEE.

A deed of trust, giving a power of sale, which survived the life beneficiary, *held* to create an express trust with power and authority to sell, constituting an equitable conversion of realty into personalty.

[Ed. Note.—For other cases, see Conversion, Cent. Dig. §§ 19–24; Dec. Dig. ⟂11.]

7. INSANE PERSONS ⟂94(1)—ACTIONS—JURISDICTION OF COURTS.

A judgment against an incompetent person, committed by an order from the court to an institution for the insane, is void for lack of jurisdiction, where no committee of person and property and no guardian had been appointed, and an order directing service on a person was not sufficiently broad to enable him to look after the interests of the incompetent.

[Ed. Note.—For other cases, see Insane Persons, Cent. Dig. § 164; Dec. Dig. ⟂94(1).]

Action by the United States Trust Company of New York against Alfred W. Kiddle, as administrator of the estate of Henrietta Chappell, deceased, and others. Application by plaintiff for instructions. Instructions given.

Stewart & Shearer, of New York City, for plaintiff.

Gilbert, Lauterstein & Gilbert, of New York City, for Alfred W. Kiddle and others.

Rounds, Schurman & Dwight, of New York City, for Annie Kiddle and others.

John E. O'Brien, of New York City, for Christopher Musgrave.

MacDonald De Witt, of New York City, for Frank Gerrard.

Andrew H. Scoble, of New York City, for defendant Miriam C. G. Varian.

William Klein, of New York City, guardian ad litem, for infant defendant.

NEWBURGER, J. The complaint alleges that on the 9th day of April, 1912, Henrietta Chappell executed two deeds of trust whereby she conveyed to the plaintiff all her property, both real and personal, to hold in trust for the uses and purposes therein specified, among other things, to collect and receive interest, income and profits during the lifetime of the said Henrietta Chappell, and to sell in its discretion the property transferred, and to invest and reinvest the same or the

⟂For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

proceeds of the sale or any part thereof in such form as the trustee may deem best and in securities permitted by the laws of the state of New York for the investment of the funds of savings banks, and the trustee shall be reimbursed for all expenses and charges in the execution of the trust, and upon the death of the said Henrietta Chappell the trustee is to deliver to her executor or administrator the said trust estate, less all payments, costs, expenses and charges reasonably incident thereto; that thereafter the said Henrietta Chappell was committed to an institution for the insane, where she died July 20, 1915; that while so confined the defendant Musgrave instituted an action in the Municipal Court, although no committee of her person or property had been appointed; and that no payment thereunder was made by the plaintiff on the ground that said execution was invalid, and therefore the plaintiff asks the aid and instruction of the court on the following questions:

[1] (1) Whether the remainder of the trust created by said Henrietta Chappell by said deed of trust of personal property dated April 9, 1912, was vested in said Henrietta Chappell and should be turned over to the defendant Alfred W. Kiddle, as administrator of the estate of Henrietta Chappell, deceased, as a part of her estate, or whether said remainder vested in the next of kin of said Henrietta Chappell, deceased, subject to the right of distribution of the administrator of her estate, or whether said remainder vested in the next of kin of said Henrietta Chappell, deceased, and should be distributed among them by the plaintiff herein. As to this question I stated on the trial that the administrator of the estate of Henrietta Chappell was entitled to take the personal property. This view is now confirmed after a careful reading of the deed of trust set out in the complaint.

[2] (2) In the event that the assets constituting said remainder should be transferred to the said Alfred W. Kiddle, as administrator of the estate of said Henrietta Chappell, deceased, either as a part of her estate or merely for the purpose of distribution among the remaindermen, whether said transfers should be made to said administrator without the filing by him of a further bond or whether said transfers should be conditioned upon the filing of such additional bond as may be found to be required by law. As to this question I am of the opinion that before any property be transferred to the administrator he should be required to file a further bond in the sum to be fixed by the decree.

[3, 4] (3) Whether any charge arising from or growing out of the said real property and falling due subsequent to the death of said Henrietta Chappell or some portion thereof should be borne by said trust fund composed of personal property. Whether the expenses of closing out said trust estate composed of real property, including the trustee's commissions on principal or some portion thereof, should be paid from said trust fund composed of personal property. The expenses referred to should be paid out of the proceeds of the sale of the real property.

[5-7] (4) Whether the issue of deceased cousins of said Henrietta Chappell are entitled to share in said remainder as next of kin. This question I do not think this court is called upon to determine, but it

should be left to the surrogate to decide upon the accounting by the administrator. In the deed of trust the trustee was given a power of sale which survived the life beneficiary. The language of the deed created an express trust of the power and authority of the trustee as to constitute an equitable conversion of the realty into personalty. See Matter of Earnshaw, 196 N. Y. 330, 89 N. E. 825; Lawrence v. Littlefield, 215 N. Y. 561, 109 N. E. 611. I therefore direct the trustee to sell the real estate and pay over the proceeds thereof to the administrator.

As to the claim of the defendant Musgrave upon the judgment obtained by him in the Municipal Court, it is apparent from an examination of the record upon which the judgment is predicated that the court had absolutely no jurisdiction. Henrietta Chappell at the time of its entry was an incompetent, having been committed by an order of this court to an institution for the insane. No committee of the person and property and no guardian had been appointed. It is true that the Municipal Court justice directed service on a person, but no provision was made to guard the interest of the incompetent. As was said in American Mortgage Co. v. Dewey, 106 App. Div. 389, 94 N. Y. Supp. 808, the Supreme Court has inherent power to protect interests of incompetents in addition to the power conferred by the Code of Civil Procedure, and where an order permitting service upon a third person is made it should be sufficiently broad as to enable him to look after the interests of the incompetent. See, also, Sporza v. German Savings Bank, 192 N. Y. at page 14, 84 N. E. 406. Without attempting to pass upon the merits of Musgrave's claim, I find that the judgment obtained is void for lack of jurisdiction.

Submit findings and decree in accordance with the views herein expressed.