LAUGHLIN, Appellant, vs. GRISWOLD and others, imp., Respondents.

*March 6—April 2, 1919.*

*Trusts and trustees: Equity: Action to determine rights and duties: Parties: Courts: Jurisdiction: Nonresident defendants: Service of summons by publication: Statute construed.*

1. Equity has jurisdiction over all matters relating to trust property, and in the execution and administration of the trust, in

all cases of doubt as to their rights and liabilities and what their conduct should be, trustees are entitled to and should seek instruction and direction from the court.

2. Under a complaint showing that plaintiff as trustee is entitled to the sole or joint possession of trust securities; that he is excluded from physical possession thereof by one of the defendants; that his right to sole possession is challenged by another defendant, who is attempting to act as a co-trustee, claiming to have been appointed, by a third defendant, to be the successor of a deceased co-trustee named in the original deed of trust; and that under said deed of trust plaintiff's legal right to make a required inspection of the trust securities in the absence of his co-trustee, if there is a co-trustee, is uncertain, plaintiff is entitled to an adjudication fixing his rights, duties, and liabilities with reference to the trust property and settling all such controversies in one suit, all persons making claims hostile to his alleged rights in and to the property being made parties.

3. Where, in such a case, the deed of trust defining the rights of the parties is an executory contract relating to personal property easily movable and of a transient situs, and no personal judgment is asked against any one of the defendants, the action is not one over which any court has exclusive jurisdiction, but may be maintained in a court of the state in which the property is located, even though defendants making hostile claims thereto are residents of another state or of different states.

4. Sec. 2639, Stats., authorizes service of the summons by publication in such case upon the defendant who claims the right to appoint a co-trustee and upon the defendant claiming to be such co-trustee, they being residents of another state, a cause of action against them being stated, and the relief demanded consisting in excluding them from an interest which they claim in the personal property, located in this state, constituting the trust estate.

5. Service by publication upon the *cestui que trust* is also authorized, she being a nonresident and having an interest in the property. The purpose of the action by the trustee being to fix the status of the property and the rights and duties of the parties, and the *cestui que trust* being a necessary party, the complaint states a cause of action against her within the meaning of said sec. 2639, Stats., even though it does not seek to deprive her of anything.

APPEAL from an order of the circuit court for Milwaukee county: JOHN J. GREGORY, Circuit Judge. *Reversed.*

The appeal is from an order setting aside the service of the summons upon defendants *Emily Griswold, Ellen Griswold,* and *Morris Tucker,* service having been secured pursuant to an order of publication.

It appears from the complaint that on the 31st day of June, 1894, one Joseph L. Griswold by a deed of trust conveyed to *Henry D. Laughlin* and Charles W. Baker, trustees, certain securities consisting of first-mortgage bonds aggregating $40,000, to hold in trust for and during the remainder of the natural life of *Emily A. Griswold,* the interest and income therefrom to be devoted in the manner therein provided to the maintenance and support of said *Emily A. Griswold.* The trustees were directed to keep said bonds at all times in the vault of some safe-deposit company, to be designated by the trustees; the coupons were to be clipped from said bonds and deposited with the defendant Central Safe Deposit & Trust Company, of Cincinnati, for collection, and when collected said Trust Company is required by the terms of the deed of trust to pay $200 per month to *Emily Griswold* so long as she shall live. Said trust deed contains a provision that "The box in which said securities are kept is to be opened only in the presence of both trustees, or by one of them in the presence of said Joseph L. Griswold, but an actual inspection of the trust securities at least once a year is enjoined;" also that "In the event of the death of *Henry D. Laughlin* prior to that of said *Emily A. Griswold,* then said Joseph L. Griswold shall, by an instrument in writing under his hand and seal, and acknowledged before a notary public, appoint his successor in this trust, and the person so appointed shall thereupon succeed to all the rights and obligations, in respect of this trust, granted or imposed by this instrument on said *Laughlin.* In the event of the prior death of said Baker, said *Emily A. Griswold* may nominate his successor, and if acceptable to said Joseph L. Griswold he shall be appointed by the joint instrument of both, executed in the man-

ner above described; otherwise his successor shall not be appointed, but the trust thenceforth administered by the surviving trustee, or his successor." No other provision is made for the appointment of successors to the trustees.

It is further provided that all moneys on hand and still unexpended proceeds of coupons collected as well as the original bonds (except five certain bonds of the value of $5,000 which said *Emily A. Griswold* was empowered to dispose of by her last will and testament) were to be returned to Joseph L. Griswold upon the death of said *Emily A. Griswold,* and that the trustees may dispose of certain of the bonds and reinvest the proceeds in other securities under certain conditions.

On the 25th day of September, 1911, by an appropriate instrument, said Joseph L. Griswold conveyed to his daughter, *Ellen Griswold,* all his right, title, and interest in and to said securities, and directed that his trustees turn over said securities to said *Ellen Griswold* upon the death of *Emily A. Griswold.* Joseph L. Griswold died May 3, 1915; Charles W. Baker, one of the trustees, died April 14, 1917, and thereupon defendant *Ellen Griswold* assumed to appoint *Morris Tucker* as successor to Charles W. Baker.

At the time of the commencement of this action said securities were deposited in a box in the vault of the Wells Building Company, of Milwaukee. The complaint alleges that the said Wells Building Company refuses to allow plaintiff access to said deposit box and to the securities deposited therein, which access is necessary to the plaintiff to enable him to inspect the trust securities as by said trust deed required, and clip the interest coupons therefrom as they become due and payable, and otherwise perform the duties of said trust; that *Morris Tucker* claims the right to act as co-trustee with plaintiff under said deed of trust and claims the right of joint possession of said bonds and securities, which claim the plaintiff refuses to recognize. It is also alleged that the de-

fendant John M. Wood and *Ellen Griswold* are the execu-
tors of the will of Joseph L. Griswold, deceased, and as such
executors claim the right to said securities.

The complaint demands judgment that the plaintiff be ad-
judged and decreed to be the sole trustee of said trust and to
have the sole possession of the securities belonging to said
trust fund; that the defendant Wells Building Company be
required to admit plaintiff to its vault and to have access to
said securities, and that defendants *Morris Tucker,* John M.
Wood, and *Ellen Griswold* be enjoined and restrained from
interfering or attempting to interfere with the bonds and
securities now deposited in the safe-deposit box in the vault
of the defendant Wells Building Company, or interfering
with plaintiff's right of possession thereto as trustee under
said deed of trust; that the rights and interest of all parties
to this action to said trust fund and income therefrom, and
the bonds and securities comprising the same, be ascertained
and determined by the court, and that plaintiff as such trustee
have the judgment and direction of the court as to execution
of said trust and the final disposition of said trust fund.
Service was made on all defendants except Wells Building
Company pursuant to an order of publication. Respondents
appeared specially and moved to set aside the service of the
summons as to them, resulting in an order setting the service
aside and dismissing the action as to them, from which order
plaintiff appealed.

For the appellant there was a brief by *Edgar L. Wood* of
Milwaukee, attorney, and *Fred B. Silsbee* of Chicago, of
counsel, and oral argument by *Mr. Wood.*

For the respondents there was a brief by *Lawrence A. Ol-
well* of Milwaukee, attorney (on special appearance), and
*Morris Tucker* of St. Louis, Missouri, of counsel, and oral
argument by *Mr. Olwell.*

Owen, J. Respondents insist that plaintiff's quarrel is
entirely with the Wells Building Company and involves sim-

ply his right of possession of the trust securities which is denied him by that defendant; that as to that defendant he has a complete remedy at law; that no cause of action is stated against respondents; that they have no property in this state, which is a prerequisite to service of summons by publication, for which reasons the circuit court acquired no jurisdiction of them and the service of summons was properly set aside. This is not a broad view of the situation and its adoption would not give impetus to the wholesome tendency of courts to dispose of all controversies between parties or relating to one subject matter in one action.

The complaint shows this situation: The property sought to be recovered is trust property. Plaintiff is entitled to the sole or joint possession thereof. He is excluded from its physical possession by the Wells Building Company. His right to the sole possession is challenged by defendant *Morris Tucker,* who claims to be co-trustee by virtue of his appointment thereto by defendant *Ellen Griswold* to succeed Charles W. Baker, co-trustee under the original deed of trust, now deceased. The deed of trust provides:

"The box in which said securities are kept is to be opened only in the presence of both trustees, or by one of them in the presence of said Joseph L. Griswold, but an actual inspection of the trust securities at least once a year is enjoined."

Should the interference of the Wells Building Company with plaintiff's physical possession of the securities be removed, his legal right to make the inspection in the absence of *Tucker,* who claims to be co-trustee, would be uncertain. As trustee he is entitled to an adjudication by a court of equity fixing his rights, duties, and liabilities with reference to this trust property, and, in accordance with the settled policy of this jurisdiction, to dispose of all such controversies in one suit. All parties making claims hostile to his rights in and to the property as he alleges them to be should be made parties to such an action.

The complaint alleges that the defendant *Ellen Griswold*

claims the right and has assumed to appoint defendant *Morris Tucker* as co-trustee in place of Charles W. Baker, deceased, and that said *Tucker* "now claims the right to act as such trustee under said deed of trust, jointly with the plaintiff, and is attempting to so act and has demanded of the plaintiff that the plaintiff recognize and treat the said defendant as such co-trustee under said deed of trust, and that he be permitted to have the possession and control of said bonds and securities, jointly with the plaintiff, and access to said deposit box, which demand the plaintiff has refused. . . ." The plaintiff, who is endeavoring in good faith to discharge the duties which he has assumed under the deed of trust, should not be left to decide the question of *Tucker's* right to act as co-trustee, at his own peril and at the risk of becoming a wrongdoer. Equity has jurisdiction over all matters relating to trust property, and in the execution and administration of the trust, in all cases of doubt as to their rights and liabilities and what their conduct should be, trustees are entitled to and should seek instruction and direction from the court. 2 Perry, Trusts (4th ed.) § 476a; Hill, Trustees (4th Am. ed.) 843; *Stephenson v. Norris,* 128 Wis. 242, 107 N. W. 343.

The deed of trust, which defines the rights of the parties, is an executory contract relating to personal property of an easily movable nature and of a transient situs. No personal judgment is asked against any of the defendants. It is not an action over which any court has exclusive jurisdiction. No reason is perceived why a court having jurisdiction over the property is not an appropriate forum in which to maintain the action. Although respondents are all residents of Missouri, it may well happen that parties similarly situated be residents of different states, in which case jurisdiction by any court except one having jurisdiction of the property would be difficult, if not impossible, of attainment.

It only remains to be considered whether the statute au-

thorizes service by publication on respondents.   Sec. 2639
provides:

"Service of the summons may be made without the state
or by publication upon a defendant against whom a cause of
action appears to exist, . . . on obtaining an order therefor
as provided in the next following section, in either of the fol-
lowing cases: . . . (3) When the subject of the action is real
or personal property in this state and the defendant has or
claims a lien or interest, actual or contingent, therein, or the
relief demanded consists wholly or partially in excluding the
defendant from any interest or lien therein."

The situation as to respondents *Ellen Griswold* and *Morris
Tucker* comes squarely within the terms of the statute.   The
complaint states a cause of action against them, that is, it
asserts that they are claiming rights inimical to those of the
plaintiff, and which the plaintiff has a right to have settled to
the end that the trust estate may be orderly and lawfully ad-
ministered.   *Morris Tucker* claims the right to act as co-
trustee under his appointment by *Ellen Griswold,* and *Ellen
Griswold* claims the right to appoint a co-trustee.   By their
claims, therefore, they claim an interest in the personal prop-
erty constituting the trust estate, and the relief demanded
consists in excluding them therefrom.   We see no room to
contend that the statute does not provide for service of the
summons on them by publication thereof.   This may not be
so clear as to *Emily Griswold,* but to our minds it is just as
certain.   She responds to the call of the statute requiring
that she have an interest in the property.   True, it is not
sought to exclude her from that interest, but the statute is in
the disjunctive.   It is not necessary that she have an inter-
est her exclusion from which is a part of the relief sought.
If she have an interest, the requirements of sub. (3) are met.
Does the complaint state a cause of action against her?   It
does not in the ordinary sense.   It does not seek to deprive
her of anything.   But this is an action brought by her trus-
tee to have his duties determined.   It is not necessarily an

adverse proceeding, its purpose being to declare the status of the property and fix the rights and duties of the parties. It is generally held that in such an action all *cestuis que trustent* are necessary parties. Hill, Trustees (4th Am. ed.) 845. In this sense it does state a cause of action against her. The service by publication on respondents was authorized by and pursuant to the statute, and should not have been set aside.

*By the Court.*—Order appealed from reversed, and cause remanded for further proceedings according to law.

Kerwin and Rosenberry, JJ., took no part.