[No. 25651. Department One. September 27, 1935.]

PORTLAND TRUST AND SAVINGS BANK, *Respondent*, v. ELLA S. ROSENBERG *et al., Defendants*, JAY C. ALLEN *et al., Appellants.*[1]

[1]Reported in 49 P. (2d) 467.

*Allen & Wilkins* (*Charles R. Carey,* of counsel), for appellants.

*Glenn J. Fairbrook* and *Crum & Dusenbery,* for respondent.

TOLMAN, J.—This is an action to foreclose a mortgage. From a decree of foreclosure, the defendants Allen have appealed.

The mortgage involved pledged two pieces of improved Seattle business property to secure a bond issue of $300,000. At the time the action was commenced, approximately $235,000 of these bonds were outstanding and in default. The mortgage named the Lumbermen's Trust Company of Portland, Oregon, a corporation, as trustee, and subsequently the trustee changed its corporate name and became the Equitable Trust Company. Still later, the Equitable Trust Company was placed in the hands of a receiver, and the mort-

gage was assigned to the Commonwealth Trust and Title Company, and it assumed the duties of trustee thereunder. In August, 1932, the Commonwealth Trust and Title Company merged its trust department with that of the Portland Trust and Savings Bank and assigned the mortgage and transferred the trust to that corporation, which has ever since continued to administer the trust.

After the mortgage was executed and while it was in good standing, the mortgagor gave a second mortgage on the same properties to Laura Allen. Mrs. Allen, in the course of time, foreclosed her second mortgage, and the title to the mortgaged properties passed to Jay C. Allen by the foreclosure sale, subject, of course, to the first mortgage. The Allens entered into possession, made certain payments as required by the sinking fund provisions of the first mortgage to the Equitable Trust Company as trustee, and after the Portland Trust and Savings Bank became the acting trustee, as hereinbefore related, the Allens made one sinking fund payment to it, thus recognizing it as the acting trustee under the first mortgage.

The mortgage herein involved contains no provision for the transfer of the duties of the trustee or for the appointment of a new trustee in the event of the disqualification of the named trustee.

Prior to the institution of this action, suit was brought by and on behalf of the holders of more than seventy-five per cent of the outstanding bonds in the circuit court for Multnomah county, Oregon, seeking the appointment by that court of the Portland Trust and Savings Bank as trustee under the mortgage. The original trustee, its receiver, the mortgagor and the Allens were made parties to that action. The mortgagor being then a resident of the state of New York and the Allens being residents of this state, service on

each of them was made by publication. The Allens appeared specially and moved to quash the service upon them. The mortgagor did not appear in the action. The motion to quash the service was denied. The Allens failed to plead further, and a decree was entered in due course appointing the respondent, Portland Trust and Savings Bank, as trustee under the mortgage, whereupon it proceeded in due course to institute the present foreclosure action.

Certain affirmative defenses were pleaded by the Allens. The first questioned the right of the plaintiff to bring or maintain the action, and the second set up as a bar an action brought by this same plaintiff, before it was appointed as trustee, in the Federal court for the western district of Washington, northern division, to foreclose this same mortgage, which action was dismissed. Demurrers were sustained to these defenses, and errors are assigned upon these rulings.

The principal question raised by the first affirmative defense will be considered under another assignment. The plea of *res judicata* contained in the second affirmative defense was bad, because there was no allegation that the former action was dismissed with prejudice. The demurrers were properly sustained.

Errors are assigned which question the effectiveness of the decree of the Oregon court appointing respondent as trustee under the mortgage, and these present the vital issues to be here decided.

Appellants contend that the Oregon court had no jurisdiction to appoint a trustee, and if the court did have jurisdiction, the trustee appointed by it would have no right, authority or power to foreclose a mortgage on property situated without the jurisdiction of the Oregon court. These questions were unsuccessfully submitted to the Oregon court by the Allens.

They were presented to the trial court and again were rejected.

It is a well-settled principle of equity that a trust will not be permitted to fail for the want of a trustee, and that a court of competent jurisdiction may appoint a trustee in any case where no provision is made in the trust instrument for filling a vacancy. *Adams v. Adams,* 88 U. S. 185, 22 Law Ed. 504. Appellants do not dispute this rule, but seek to avoid its effect by the argument that the Oregon court was without jurisdiction and therefore was not competent to act under the conditions then existing.

The mortgage herein involved was executed in Oregon. The bonds which it secures were validated in Oregon by a trustee there domiciled. At the time the Oregon action was instituted, the cash in the sinking fund was in Oregon, and the trust deed, which was personal property, was likewise in Oregon. A mortgage in this state conveys no title. It is a lien only and is therefore personal property, and its situs is the domicile of the mortgagee. *Scheef v. Purdy,* 107 Ore. 71, 214 Pac. 137; 3 Jones on Mortgages (8th ed.), § 2290; 41 C. J. 280.

The jurisdiction exercised by a court of equity in appointing a trustee is *quasi in rem* and may be based upon jurisdiction of the parties or of the subject matter of the trust. 26 R. C. L. 1278; *Gassert v. Strong,* 38 Mont. 18, 98 Pac. 497; *Smith v. Davis,* 90 Cal. 25, 27 Pac. 26, 25 Am. St. 92; *Dyer v. Leach,* 91 Cal. 191, 27 Pac. 598, 25 Am. St. 171; *Milbank v. Crane,* 25 Howard's New York Practice Reports 193; *Laughlin v. Griswold,* 169 Wis. 50, 171 N. W. 755.

As before stated, the Oregon court had jurisdiction over the mortgage itself, over the trust fund so far as it had been reduced to money, and over seventy-five per cent of the outstanding bonds which were repre-

sented by those who voluntarily brought the action in the Oregon court. No more was needed to give the Oregon court the necessary jurisdiction.

The fact that the Allens did not submit to the jurisdiction of the Oregon court has no effect upon the situation. As we see it, they were not necessary parties. They were not interested in or beneficiaries under the trust. As subsequent purchasers of the mortgaged property, they were only interested to a limited extent. Any duly authorized trustee could proceed to foreclose their interest, and clearly the respondent was duly authorized by the decree of the Oregon court. Further discussion and elucidation of this subject will be found in 26 R. C. L. 1278; 39 Cyc. 287; *In re Earnshaw*, 196 N. Y. 330, 89 N. E. 825.

Appellants attack the fees allowed to the trustee and to its attorneys by the trial court, which were $7,500 to the former and $10,000 to the latter. The allowance to the trustee was well within the testimony, and in the light of the services rendered and to be rendered, we find no basis for holding that there was an abuse of discretion. The fee to the attorneys was not solely for services in foreclosing the mortgage, but covered all of the counsel fees incurred in the execution of the trust as was provided for in the mortgage.

We find nothing which would warrant us in interfering.

The judgment is affirmed.

MILLARD, C. J., GERAGHTY, BEALS, and MAIN, JJ., concur.